**KEEBLER COMPANY, Appellant,**

v.

**MURRAY BAKERY PRODUCTS, Appellee.**

No. 88–1537.

United States Court of Appeals, Federal Circuit.

Jan. 25, 1989.

Richard A. Zachar, Pope, Ballard, Shepard & Fowle, Ltd., Chicago, Ill., argued for appellant. With him on the brief was Joanne Spatz, Keebler Company, Elmhurst, Ill.

Laurence R. Hefter, Finnegan, Henderson, Farabow, Garrett & Dunner, Washington, D.C., argued for appellee. With him on the brief was Saul Lefkowitz.

Before MARKEY, Chief Judge, and FRIEDMAN and SMITH, Circuit Judges.

MARKEY, Chief Judge.

Appeal from a decision of the Patent and Trademark Office Trademark Trial and Appeal Board (board) dismissing Opposition No. 76,365 of Keebler Company (Keebler), owner of Registration No. 648,660 on PECAN SANDIES for use on cookies, to registration of PECAN SHORTEES for use on cookies by Murray Bakery Products (Murray). We affirm.

## BACKGROUND

In its Notice of Opposition, Keebler raised the sole issue of whether contemporaneous marketing of cookies under the marks PECAN SANDIES and PECAN SHORTEES is likely to cause confusion or mistake in relation to the source or sponsorship of the goods. In affirmative defense, Murray alleged that confusion was not likely because the overall marks are readily distinguishable in sound, appearance, and projected connotations, the only similarity being the presence of PECAN, a generic term incapable of creating a likelihood of confusion.

Murray moved for summary judgment, expressly admitting for purposes of the motion all of Keebler's allegations (except the allegation that confusion is likely). Murray thus admitted Keebler's prior and extensive use since 1956, Keebler's registration, similarity of the goods, similarity of trade channels, and sales to the same class of purchasers. Murray also moved for a stay of all other proceedings, including discovery. Under Trademark Rule 2.127(d), the board suspended all proceedings pending disposition of the summary judgment motion, thereby rendering moot Murray's motion to stay.

Keebler filed motions under Rule 56(f), Fed.R.Civ.P., for discovery and for a lifting of the stay to permit such discovery. In support of those motions, Keebler filed identical affidavits, each saying only this:

Answers to Opposer's pending requests for discovery, and possibly affidavits, depositions, or other discovery will be required to respond to Applicant's Motion for Summary Judgment. There is certain information regarding Applicant's use of its mark, channels of trade and other evidence necessary to prepare a response that is solely in the possession of the Applicant.

Citing the affidavit paragraph quoted above, the board denied Keebler's motions, saying:

It is the view of the Board, however, that opposer has failed to show that it is unable to present by affidavits facts *essential* to justify its opposition to the

motion for summary judgment. (Emphasis in original).

In due course, the board granted summary judgment, stating:

Taking into account applicant's concessions of fact for purposes of its motion for summary judgment, we find there exists no genuine issue of material fact requiring trial in this case; we find, in addition, that applicant is entitled to judgment as a matter of law. While petitioner's ownership of a prior registration, the identity of the parties' goods and channels of trade, and petitioner's extensive use of its mark are all facts weighing on the side of a finding of likelihood of confusion, we find that the more important fact for resolving the issue of likelihood of confusion in this case is the dissimilarity in commercial impression between the marks "PECAN SANDIES" and "PECAN SHORTEES."

While opposer is correct that both marks contain the word "PECAN" and both marks contain words that begin with an "s" sound and terminate in an "ees" sound, the marks are, nonetheless, readily distinguishable in appearance. More important, their principal point of similarity is the word "PECAN", which is, at least, merely descriptive of a principal ingredient of both parties' cookies.

\* \* \* \* \* \*

What the case turns on, in our opinion, is the dissimilarity in appearance, pronunciation, and connotation of the words "SANDIES" and "SHORTEES". Opposer has offered nothing in response to the motion for summary judgment which raises a genuine issue of fact that these marks, in their entireties, convey similar commercial impressions. We find that they do not.

Having filed and then withdrawn a request for reconsideration, Keebler filed this appeal.

## ISSUES

I. Whether the board abused its discretion in denying Keebler's motions for discovery.

II. Whether the board erred in granting Murray's motion for summary judgment.

## OPINION

### I. *Keebler's Motions*

█ Keebler tells us that the board should not have denied its motions because, if it had granted them, Keebler might have been able to obtain evidence of Murray's intent in adopting its mark and any evidence of actual confusion in Murray's files. Having never said that in its affidavits to the board, Keebler faces the well-nigh insurmountable appellate burden of convincing this court that the board abused its discretion in not fathoming Keebler's mind.[1] *See Avila v. Travelers Ins. Cos.,* 651 F.2d 658, 660 (9th Cir.1981).

█ Prescience is not a required characteristic of the board. Thus the board need not *divine* all possible afterthoughts of counsel that might be asserted for the first time on appeal. Though it filed a Notice of Opposition, a Response and Brief in Opposition to the Motion for Summary Judgment, a Response and Brief to Murray's Motion to Suspend Proceedings, two Rule 56(f) motions, and three affidavits, Keebler nowhere made the slightest reference to Murray's intent. We have found a single, passing reference to the words "actual confusion" in Keebler's brief opposing summary judgment, but none in the affidavits before the board in support of Keebler's Rule 56(f) discovery motions. In deciding those motions, the board is not required, as we are not in reviewing the board's decision, to visualize what more might have been said in the affidavits required by Rule 56(f).

We do not imply that a mere mention of intent and actual confusion in Keebler's affidavits would have rendered them adequate under Rule 56(f). In evaluating the

---

1. Keebler says the board "erred". The standard of review of decisions on discovery matters is whether an abuse of discretion occurred. *Heat & Control, Inc. v. Hester Indus., Inc.,* 785 F.2d 1017, 1022, 228 USPQ 926, 930 (Fed. Cir.1986).

present affidavits, we simply note at this point that Keebler does not, as it cannot, suggest a basis on which its Rule 56(f) affidavit language—"certain information"; "other evidence"—could have suggested to the board what Keebler *now* says it was after. The only identified targets of the discovery sought—Murray's use of its mark; channels of trade—had already been admitted by Murray and were not at issue.[2]

In Keebler's brief opposing summary judgment, Keebler said it should be denied because of "the absence of relevant facts upon which Opposer may adequately base its response." Indeed, it is difficult to interpret Keebler's affidavit support for its discovery motions as saying anything more than, "we have no factual basis for opposing summary judgment, but, if you stay proceedings, we *might* find *something*."

Keebler professes difficulty in understanding the above-quoted reason given by the board for denying Keebler's motions, saying the board confused Rule 56(e)[3] with Rule 56(f).[4] The confusion, however, lies not with the board but with Keebler. Rule 56(e) requires an affiant to set forth admissable facts establishing a genuine issue of material fact requiring trial. Rule 56(f) requires an affiant to *state reasons* why he cannot present by affidavit facts essential to justify his opposition to the motion for summary judg-

ment. Keebler's affidavits state no such reasons, as the board recognized in giving as its reason for denial a paraphrase of Rule 56(f). If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of "certain information" and "other evidence", every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.

As this court said in *Sweats Fashions, Inc. v. Pannill Knitting Co.*, 833 F.2d 1560, 1566–67, 4 USPQ2d 1793, 1799 (Fed. Cir.1987):

> Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence [through discovery] that might tend to support a complaint. [Citations omitted]. Further litigation in this case not only would put the parties to unnecessary expense but also, equally important, would be wasteful of judicial resources.

[*Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627, 222 USPQ 741, 744 (Fed. Cir.1984)]. A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to comply with the requirement of Rule 56(f) to set out reasons for the need for discovery in an affidavit. *Id.*[5]

---

2. The parties argue vigorously the questions of whether Murray's intent could affect the outcome, whether Murray's 2½ year use of its mark could have created actual confusion, and whether if there were evidence of actual confusion it would more likely be in Keebler's files. Because none of those questions was presented to the board, we need not and do not discuss them.

3. Rule 56(e) reads:
   Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule,

an adverse party may not rest upon the mere allegations or denials of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

4. Rule 56(f) reads:
   Should it appear from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

5. *See also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985) (must show what facts are sought and how they are reasonably expected to create a

Though it denies that it is claiming entitlement to "discovery for discovery's sake," Keebler's presentation to the board was precisely such a claim. Before us Keebler relies entirely on its having had no discovery at all, noting that requests denied in earlier cases were for additional discovery. Rule 56(f), however, makes no such distinction; on the contrary, the Rule requires that each request for discovery be adequately supported by a showing of need. No rule requires a granting of unfocused requests of the type presented in Keebler's affidavits in this case and the board did not abuse its discretion in denying Keebler's motions.

## II. *Summary Judgment*

■ Keebler argues that the board: (1) drew an inference favoring Murray when it concluded that purchasers would not look to PECAN as an indication of source; (2) disregarded the fame of Keebler's mark; and (3) improperly dissected the marks.

In support of argument (1), Keebler says the board should have drawn an inference favoring Keebler from Murray's 21 registrations that include PECAN "because only two were for use on cookies" (the rest being for use on candy, cake, and sweetrolls). Keebler also says "there is no direct evidence in the record regarding the perceptions of consumers". Keebler forgets that the board held that PECAN is "merely descriptive of a principal ingredient of both parties' cookies", and that it then looked to the registrations as merely corroborating the view that such a descriptive term could not serve to indicate source of such goods. Keebler also forgets that it submitted nothing in respect of consumer perception and nothing, by way of a Rule 56(e) motion or otherwise, that would raise a genuine issue of material fact in relation to the descriptiveness of PECAN when used on pecan cookies.

■ Keebler's argument (2) disregards the board's express recognition that Keebler's mark was "well known", that it had been in use for 31 years, that in the last four years Keebler had enjoyed $116,900,-000 in sales and expended $8.8 million in TV and other advertising. Accusing the board of recognizing "Keebler's extensive use (but not fame) of its mark", Keebler forgets that, contrary to its statement in its brief, it nowhere asserted that its mark was famous or that it sought evidence that its mark was famous.

■ Similarly, Keebler's argument (3) seizes on the board's perfectly proper notation of dissimilarities in "SANDIES" and "SHORTEES" and ignores the board's statements reflecting its consideration of the marks in their entireties ("that the more important fact for resolving the issue of likelihood of confusion in this case is the dissimilarity in commercial impression between the marks 'PECAN SANDIES' and 'PECAN SHORTEES'"; "these marks, in their entireties" do not convey similar commercial impressions).

The board correctly held that Keebler "has offered nothing in response to the motion for summary judgment which raises a genuine issue of fact that these marks, in their entireties, convey similar commercial impressions". Accordingly, the board's decision must be affirmed.

AFFIRMED.

genuine issue of material fact); *SEC v. Spense & Green Chem. Co.,* 612 F.2d 896, 901 (5th Cir. 1980) ("must conclusively justify entitlement to shelter of Rule 56(f) by presenting specific facts explaining inability to make substantive response required by Rule 56(e)"; "non movant may not simply rely on vague assertions that discovery will produce needed, but unspecified, facts"); 6–Pt. 2 J. Moore & J. Wicker, Moore's Federal Practice ¶ 56.24 (1988).