996 F.2d 1224
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
George HARRISON, Plaintiff-Appellant,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 92-15148.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 14, 1993.*
Decided June 24, 1993.
 
 Before GOODWIN, NORRIS and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 This case involves the United States' assessment and collection of income taxes owed by appellant George Harrison for the years 1983, 1985, 1986, and 1987. The government obtained tax liens on Harrison's property in the amount of his unpaid assessments, and sent to Harrison's employer a notice of intent to levy on Harrison's wages and other income. Harrison brought this action pro se under 28 U.S.C. § 2410, seeking to quiet title on his wages; he also sought an injunction against further collection by levy, and return of taxes already collected by the Internal Revenue Service ("IRS"). The district court granted summary judgment to the United States. We have jurisdiction[1] and affirm.
 
 
 3
 Harrison argues that the district court erred (A) by refusing to defer consideration of the government's motion for summary judgment before allowing him time for further discovery under Fed.R.Civ.P. 56(f), and then (B) by granting the government's summary judgment motion. "We review for an abuse of discretion the district court's refusal to permit further discovery before ruling on a motion for summary judgment." Harris v. Duty Free Shoppers Ltd. Partnership, 940 F.2d 1272, 1276 (9th Cir.1991). We review de novo the district court's grant of summary judgment, Hughes v. United States, 953 F.2d 531, 541 (9th Cir.1992), and may affirm on any basis fairly supported by the record. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 A. Discovery and Rule 56(f)
 
 4
 Under Rule 56(f) of the Federal Rules of Civil Procedure, the district court has the discretion to either refuse to grant a summary judgment motion, or to grant a continuance on such a motion if a party can show by affidavit that it needs additional time to discover additional facts. See Harris, 940 F.2d at 1276; Mackey v. Pioneer Nat'l Bank, 867 F.2d 520, 523 (9th Cir.1989). Rule 56(f) requires that prior to the court's ruling on a summary judgment motion, a party must provide the court with "affidavits setting forth particular facts expected from the [party's] discovery," and must "show how additional discovery would preclude summary judgment and why [the] party cannot immediately provide 'specific facts' demonstrating a genuine issue of material fact." Mackey, 867 F.2d at 524.
 
 
 5
 Here, as in Mackey, Harrison "failed to avail himself of Rule 56(f)" during the briefing period on the government's summary judgment motion. Id. Harrison did not request a continuance under Rule 56(f) until after the court had granted the government's summary judgment motion.[2] As another circuit has noted, parties must comply with the requirements of Rule 56(f) within the briefing period on a motion for summary judgment to avail themselves of the rule's shelter. See New America Shipbuilders, Inc. v. United States, 871 F.2d 1077, 1081 (Fed.Cir.1989) (party " 'did not even attempt to show at any time during the briefing period that discovery was necessary to respond to defendant's motion for summary judgment.' ").[3] Because Harrison failed to make the showing required by Rule 56(f) during the briefing period on defendant's motion for summary judgment, the district court could hardly abuse its discretion by failing to grant a discretionary motion that was not even before the court. While the district court could have reconsidered its ruling in light of Harrison's tardy Rule 56(f) motion, the court did not clearly abuse its discretion by failing to do so.
 
 B. Summary Judgment
 
 6
 Harrison further argues that the district court erred in granting the government's summary judgment motion. We reject Harrison's argument. First, 28 U.S.C. § 2410 waives the United States' sovereign immunity and vests jurisdiction in the district courts only over suits "to quiet title to ... real or personal property on which the United States has or claims a mortgage or other lien." An action "is jurisdictionally barred if, at the time it is commenced, the government claims a title interest rather than a lien interest." Hughes, 953 F.2d at 538. No quiet title action will lie "as to amounts that have already come into the hands of the IRS." Farr v. United States, 990 F.2d 451, 453 (9th Cir.1993). Here, Harrison is in part seeking to "quiet title" on wages that the government has already levied and collected. To the extent the government has title to such personal property rather than merely a lien, Harrison is jurisdictionally barred from bringing an action under § 2410.
 
 
 7
 As to portions of Harrison's claim not jurisdictionally barred under § 2410, a taxpayer may not collaterally attack the merits of an assessment but "may only contest the procedural validity of a tax lien." Elias v. Connett, 908 F.2d 521, 527 (9th Cir.1990). While Harrison properly alleged that the government's liens were procedurally invalid because, he argued, the government failed to send him valid notices of assessment and demands for payment, Harrison was unable to present any evidence to support his claim and to rebut the government's tax exhibits which indicated that he was sent the proper notices. The tax forms the government introduced "constitute proof of the fact that the assessments actually were made," Hughes, 953 F.2d at 535, and that the requisite notices were sent. United States v. Chila, 871 F.2d 1015, 1019 (11th Cir.1989).[4] In the absence of contrary proof, the government's forms establish that the notices and assessments properly were made and sent. Hughes, 953 F.2d at 535.
 
 
 8
 In addition to the government's tax forms, other documents in the record clearly show that Harrison sufficiently received the notice required by § 6303(a). Harrison himself attached to his complaint notices of federal tax liens and a notice of intent to levy. In Hughes, this court held that precisely these notices--along with notices of deficiencies, a notice of levy, a notice of sealed bid sale and a notice of garnishment also sent to the appellant--
 
 
 9
 satisfied the requirements of § 6303(a) by informing the [appellants] the amount owed and by requesting payment. These numerous notices were sufficient because "[t]he form on which a notice of assessment and demand for payment is made is irrelevant as long as it provides the taxpayer with all the information required under 26 U.S.C. § 6303(a)."
 
 
 10
 953 F.2d at 536 (quoting Elias, 908 F.2d at 525).
 
 
 11
 Because Harrison failed to provide any evidence to rebut the government's proof and instead chose only to mount an unsuccessful challenge against the admissibility of the government's evidence, the district court was correct in concluding that there were no genuine disputed issues of material fact, and that the government was entitled to judgment as a matter of law.
 
 
 12
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a); Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 For jurisdictional purposes, we construe Harrison's tardy Rule 56(f) motion as a Rule 59(e) motion that tolls the 60-day deadline for filing a notice of appeal. See Draper v. Coombs, 792 F.2d 915, 924 (9th Cir.1986) (pro se litigants treated with "great leniency" when evaluating compliance with "the technical rules of civil procedure"); see also Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989) (lenient standard applies to pro se litigants regarding procedures for perfecting their right to appellate review)
 
 
 [2]
 Harrison's response to the government's motion for summary judgment included only a motion to strike as hearsay the government's exhibits attached to its motion which included tax forms ("Certificates of Assessment and Payment" Forms 4340) reflecting Harrison's tax record. These forms indicated that in accordance with IRS practice, the IRS had sent Harrison notices of assessment and demand for payment for the amounts in question. The district court properly addressed this claim, and correctly held that the challenged documents were admissible under the public records exception to the hearsay rule. See Hughes, 953 F.2d at 539-540. We therefore reject Harrison's argument that the district court erred in admitting the government's exhibits
 
 
 [3]
 See also id. (" 'A party may not simply assert that discovery is necessary and thereby overturn summary judgment when it failed to set out reasons for the need for discovery in an affidavit.' " (quoting Keebler Co. v. Murray Baker Prods., 866 F.2d 1386, 1389 (Fed.Cir.1989)))
 
 
 [4]
 As the government highlights, the computer generated Form 4340's indicate the various dates that Harrison was sent the required notices