108 F.3d 1394
 NOTICE: Federal Circuit Local Rule 47.6(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
CAROLINA EXPORTS INTERNATIONAL, INC., Appellant,
v.
BULGARI, S.p.A. (formerly Partecipazioni Bulgari, S.p.A.), Appellee.
 No. T96-1446.
 United States Court of Appeals, Federal Circuit.
 March 12, 1997.
 
 Before MICHEL, LOURIE, and SCHALL, Circuit Judges.
 DECISION
 MICHEL, Circuit Judge.
 
 
 1
 Carolina Exports International, Inc. ("Carolina") appeals from a decision, in Opposition No. 93,067, of the Trademark Trial and Appeal Board ("Board") of the United States Patent and Trademark Office ("PTO"), sustaining Partecipazioni Bulgari, S.p.A.'s (now, Bulgari, S.p.A.) ("Bulgari") opposition to registration of the mark BULGARI to Carolina for unlawful use. We affirm.
 
 BACKGROUND
 
 2
 Carolina filed a trademark application with the PTO, seeking to register the mark BULGARI for wine and spirits (International Class 33). Bulgari, the owner of the mark BULGARI, filed a timely opposition to Carolina's application for registration.
 
 
 3
 During the discovery phase of the opposition, Bulgari thought certain Carolina supplemental discovery responses were unresponsive, and moved the Board to compel Carolina to respond. On that same day, Bulgari mailed a copy of its motion to compel, by first class mail, to Carolina's attorney. Carolina did not contest Bulgari's motion to compel. By order of October 21, 1994, the Board granted Bulgari's motion, compelling Carolina to provide responses to certain discovery requests. Carolina received the Board's October 21 discovery order, but did not respond as directed.
 
 
 4
 The Board, through an order of March 31, 1995, sanctioned Carolina for failing to comply with the Board's October 21 discovery order. The sanctions imposed by the Board established the following fact, among others, as conclusively proven:
 
 
 5
 1applicant's wine and distilled spirits bearing the mark BULGARI does not/will not comply with governmental regulations.
 
 
 6
 Based on the sanctions imposed upon Carolina, Bulgari filed a motion for summary judgment and a motion to amend its original Notice of Opposition to add the following claim:
 
 
 7
 1Any use that [Carolina] has made or will make of the mark sought to be registered is not and will not be in compliance with regulatory law applicable to such products, and hence such use has not been and will not be lawful.
 
 
 8
 The Board granted Bulgari's motion to amend, but denied its summary judgment motion.
 
 
 9
 Upon reconsideration and review of additional evidence provided by Bulgari, however, the Board granted Bulgari's motion for summary judgment on the ground of unlawful use due to the established fact that Carolina does not and will not comply with governmental regulations related to its intended use of the BULGARI mark.
 
 DISCUSSION
 I.
 
 10
 Carolina contends that the Board erred in imposing sanctions for its failure to comply with the October 21 discovery order. Carolina bases its contention upon two arguments. First, Carolina argues that, since it did not receive notice, pursuant to Fed.R.Civ.P. 37, of Bulgari's motion to compel discovery, Bulgari is precluded from obtaining sanctions. In the alternative, Carolina argues that the sanctions imposed were inappropriate because they had the ultimate effect of dismissing the case.
 
 
 11
 The Board's imposition of sanctions for discovery violations must be upheld unless the Board has abused its discretion. Keebler Co. v. Murray Bakery Products, 866 F.2d 1386, 1388, 9 USPQ2d 1736, 1738 (Fed.Cir.1989); Adkins v. United States, 816 F.2d 1580, 1581-82 (Fed.Cir.1987).
 
 
 12
 In granting sanctions, the Board noted that "[u]nder Trademark Rule 2.120(g)(1), if a party fails to comply with an order of the Board relating to discovery, the Board may make any appropriate order, including the entry of ... orders provided for in [Fed.R.Civ.P.] 37(b)(2)." The Board stated that "[pursuant to 37 C.F.R. § 2.127(b), t]he Trademark Rules clearly provide for the reconsideration of any order of the Board," and "[Carolina, which openly acknowledged that it received the Board's October 21 discovery order,] has failed ... to come forth with any valid reason for failing to seek relief from [the discovery order], prior to the running of its time for producing additional discovery."
 
 
 13
 Carolina's first argument must fail. The Board did not misinterpret or misapply the law in providing sanctions in response to Carolina's failure to comply with the discovery order. Pursuant to the express language of Fed.R.Civ.P. 37(b)(2) and 37 C.F.R. § 2.120(g)(1) (1996), a party must obey an order to provide discovery. If it fails to obey the order, it subjects itself to sanctions. Carolina received and purposely ignored the Board's October 21 discovery order; it did not seek reconsideration of the discovery order pursuant to 37 C.F.R. § 2.127(b) (1996). Accordingly, sanctions were appropriate.
 
 
 14
 Carolina's second argument must also fail. The Board did not abuse its discretion in choosing the sanctions to impose upon Carolina.
 
 
 15
 Fed.R.Civ.P. 37(b) states in relevant part:
 
 
 16
 (2) If a party ... fails to obey an order to provide ... discovery, ... the court in which the action is pending may make such orders in regard to the failure as are just, and among others the following:
 
 
 17
 (A) An order that the matters regarding which the order was made or any other designated facts shall be taken to be established for the purposes of the action in accordance with the claim of the party obtaining the order....
 
 
 18
 In choosing the appropriate sanctions, the Board followed Fed.R.Civ.P. 37(b)(2)(A), the specific sanction referenced by 37 C.F.R. § 2.120(g)(1), by establishing the facts related to the Board's October 21 discovery order as conclusively proven. The findings included the fact that Carolina products bearing the BULGARI mark do not and will not comply with governmental regulations.
 
 
 19
 Although the Board's sanctions ultimately led to a grant of summary judgment in favor of Bulgari, they were directly related to the very information Carolina failed to produce as a result of its disregard of the discovery order: the information regarding Carolina's compliance with governmental regulations. Carolina cannot benefit from its blatant disregard of an order to avoid a grant of summary judgment. Since Carolina did not produce the information compelled by the discovery order, it was not an abuse of discretion to take that information as established as fact pursuant to Fed.R.Civ.P. 37(b)(2)(A) and 37 C.F.R. § 2.120(g)(1).
 
 II.
 
 20
 Next, Carolina contends that the Board erred in granting Bulgari's motion to amend its Notice of Opposition to include an allegation of unlawful use of the BULGARI mark. Carolina argues that the Board's grant of leave to amend the pleadings resulted in great prejudice to Carolina because it prompted a grant of summary judgment for unlawful use in Bulgari's favor.
 
 
 21
 Decisions concerning the amendment of pleadings are reviewed by this court under the abuse of discretion standard. E.W. Bliss Co. v. United States, 77 F.3d 445, 450 (Fed.Cir.1996).
 
 
 22
 Pursuant to Fed.R.Civ.P. 15(a), leave to amend a party's pleadings shall be freely given when justice so requires. Accordingly, the Board liberally grants leave to amend pleadings when the opposing party will not be prejudiced. See Fed.R.Civ.P. 15(a); Flatley v. Trump, 11 USPQ2d 1284, 1286 (TTAB 1989). The question of prejudice is largely dependent upon the timing of the motion to amend. See Charles Greiner & Co. v. Mari-Med Mfg., Inc., 962 F.2d 1031, 1038, 22 USPQ2d 1526, 1531 (Fed.Cir.1992); Richardson Greenshields Sec., Inc. v. Lau, 825 F.2d 647, 653 n. 6 (2d Cir.1987).
 
 
 23
 The Board did not abuse its discretion in granting Bulgari's motion to amend its Notice of Opposition. At the time the Board granted Bulgari's motion to amend, the opposition proceedings were still in the pretrial stage. Moreover, the prejudice that Carolina alludes to is insufficient to effect a denial of Bulgari's motion to amend. That prejudice relates to Carolina's inability to defend itself in light of a conclusively proven fact, not the timing of Bulgari's motion.
 
 III.
 
 24
 Finally, Carolina contends that the Board erred in granting Bulgari's motion for summary judgment. Carolina argues that Bulgari was not basing its summary judgment motion upon a "claim, counterclaim, or cross-claim," and is not entitled to prevail on its motion for summary judgment pursuant to Fed.R.Civ.P. 56(a).
 
 
 25
 Decisions granting summary judgment are reviewed de novo by this court. T.A.B. Sys. v. Pactel Teletrac, 77 F.3d 1372, 1374, 37 USPQ2d 1879, 1881 (Fed.Cir.1996); Meyers v. Asics Corp., 974 F.2d 1304, 1306 (Fed.Cir.1992).
 
 
 26
 Carolina is incorrect. The Board did not err in granting Bulgari's motion for summary judgment upon Bulgari's amended Notice of Opposition. Summary judgment can be granted upon amended pleadings, including an amended notice of opposition. E.g., Marmark Ltd. v. Nutrexpa S.A., 12 USPQ2d 1843, 1845 (TTAB 1989).
 
 IV.
 
 27
 We have carefully considered Carolina's remaining arguments and hold that they are without merit. Therefore, we affirm the Board's decision.