**VIVID TECHNOLOGIES, INC., Plaintiff,**

v.

**AMERICAN SCIENCE & ENGINEERING, INC., Defendant.**

**No. Civ.A. 96–11059–REK.**

United States District Court, D. Massachusetts.

Jan. 28, 1998.

As Amended Feb. 6, 1998.

Kenneth R. Berman, Sherin & Lodgen, Boston, MA, Ivan S. Kavrukov, Wendy E. Miller, Victor DeVito, Cooper & Dunham LLP, New York City, for Plaintiff.

Gary R. Greenberg, Donnalyn B. Lynch Kahn, Goldstein & Manello, P.C., Boston, MA, Robert L. Kann, Bromberg & Sunstein, Boston, MA, for Defendant.

## Opinion

KEETON, District Judge.

### I. Background

Plaintiff, Vivid Technologies, Inc. (Vivid), seeks a declaratory judgment that it does not infringe Patent No. 5,253,283 (the "*** 283

patent"), held by American Science & Engineering, Inc. (AS&E), or, in the alternative, that the 283 patent is invalid. This court has jurisdiction under 28 U.S.C. § 1338.

AS&E takes the position that Vivid's technology infringes the 283 patent. AS&E filed a counterclaim with its answer (Docket No. 5, filed August 20, 1996), but, because AS&E pleaded multiple grounds of claim without proffering any showing that it had a basis after reasonable inquiry, under the standard prescribed by Rule 11 of the Federal Rules of Civil Procedure, for asserting the grounds it alleged on "information and belief," in a Memorandum and Order of October 18, 1996, I allowed a motion to strike the counterclaim (Docket No. 15). At a hearing on October 17, 1996, I allowed an oral motion to stay discovery *with respect to the counterclaim.* I gave AS&E the opportunity to file a motion for leave to file an amended counterclaim with appropriate supporting materials submitted along with the motion for leave. AS&E filed a Motion for Leave to File an Amended Counterclaim (Docket No. 24, filed December 17, 1996), but did not file an appropriate supporting submission. For the same reasons I allowed the motion to strike the original counterclaim, in a hearing on April 10, 1997, I denied AS&E's inadequately supported Motion for Leave to File an Amended Counterclaim.

Vivid filed a Motion for Partial Summary Judgment on Claim Construction and for a Procedural Order (Docket No. 48, filed May 12, 1997). Both sides presented oral arguments on claim construction at a hearing held on June 12, 1997. I instructed counsel during this hearing that the stay on discovery to support a counterclaim would remain in effect because the counterclaim had been struck and the motion for leave to file an amended counterclaim had been denied. Also, I ruled that discovery by defendant beyond that to which the parties had agreed by stipulation would not be allowed as requested by defendant unless the defendant made an adequate showing of both its relevance to decision of the pending motion for summary judgment and a reasoned basis for believing it likely that the far-reaching discovery proposed by defendant would produce

evidence material to the summary judgment rather than merely disclosures the defendant could use for improper purposes as a competitor. *See* Hearing Transcript of June 12, 1997 (Docket No. 67, at 51–53).

On July 10, 1997, I issued a Memorandum and Interlocutory Order Construing Claims 5 and 8 of the 283 Patent (Docket No. 58).

Now pending before the court are three motions by plaintiff Vivid: the Motion for Partial Summary Judgment on Claim Construction and for a Procedural Order (Docket No. 48, filed May 12, 1997), a Motion for a Protective Order (Docket No. 60, filed September 22, 1997), and a Motion for Summary Judgment (Docket No. 62, filed September 29, 1997).

Also pending is Defendant American Science & Engineering, Inc.'s Requests Pursuant to Rule 56(f) for (a) Denial or Stay of Vivid's Motion for Summary Judgment Pending Completion of Discovery; and (b) Extension of Time to File Counter–Statement Under Local Rule 56.1 (Docket No. 69, filed October 14, 1997) [hereinafter AS&E's Rule 56(f) Request].

## II. Rule 56(f) and Requests for Further Discovery

Summary judgment is appropriate where it appears that "there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). So long as the requirements of Rule 56 are met, "summary judgment is as appropriate in a patent case as any other." *Spectra Corp. v. Lutz,* 839 F.2d 1579, 1581 n. 6 (Fed.Cir.1988) (citation omitted). Once the party moving for summary judgment has met the initial burden, the burden shifts to the nonmoving party to set forth specific facts that show the existence of a genuine dispute regarding a material fact. Fed.R.Civ.P. 56(e).

If a party claims an inability to respond to a motion for summary judgment, the court may refuse application for judgment, or order a continuance to allow for additional discovery. Fed.R.Civ.P. 56(f). If the nonmoving party "has not had the opportunity to discover information that is essential to his opposition" summary judgment

should not be granted. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 n. 5, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). This does not mean, however, that a party can use discovery to fish for evidence to support a claim, such as one of infringement. *See, e.g., Simmons Oil Corp. v. Tesoro Petroleum Corp.*, 86 F.3d 1138, 1141 (Fed.Cir.1986) ("It is not enough to simply assert ... that something will come up") (internal quotations omitted); *see also Pure Gold, Inc. v. Syntex (U.S.A.), Inc.*, 739 F.2d 624, 627 (Fed.Cir.1984) ("Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might lend support to a complaint.").

▮ Defendant AS&E seeks additional discovery in order to respond to plaintiff's Motion for Summary Judgment. Defendant argues that

> detailed familiarity with the operation of Vivid's machine is the most basic prerequisite to AS&E's ability (1) to confirm or contradict the representations underlying Vivid's motion and (2) to justify AS&E's opposition to that motion.

Memorandum in Support of AS&E's Rule 56(f) Request (Docket No. 70, at 15). Defendant has met the formal procedural requirements of Rule 56(f) by filing the affidavit of Jeffrey A. Bernfeld. But what the filings possess in form, they lack in substance. For the reasons enumerated below, defendant has failed to demonstrate its need for the discovery it seeks.

Defendant raises two unpersuasive arguments in its Rule 56(f) filings: (1) that it has been afforded no discovery thus far; and (2) that those facts that it needs to respond to the motion for summary judgment are within Vivid's exclusive control.

The defendant's proffer explains that defendant has been unable to adduce the facts it claims are essential to opposing summary judgment because a stay on discovery was ordered, thus there has been no meaningful discovery in this case. The amount of discovery, however, is not the deciding factor.

> Before us [the party opposing summary judgment] relies entirely on its having had no discovery at all, noting that requests

denied in earlier cases were for additional discovery. Rule 56(f), however, makes no such distinction; on the contrary, the Rule requires that each request for discovery be adequately supported by a showing of need.

*Keebler Co. v. Murray Bakery Prod.*, 866 F.2d 1386, 1389 (Fed.Cir.1989).

▮ Exclusive control of requested information by a summary judgment movant is "a factor which weighs heavily in favor of relief under rule 56(f)." *Hebert v. Wicklund*, 744 F.2d 218, 222 (1st Cir.1984). Exclusive control does not, however, require automatic relief under Rule 56(f).

> If all one had to do to obtain a grant of a Rule 56(f) motion were to allege possession by movant of certain information or other evidence every summary judgment decision would have to be delayed while the non-movant goes fishing in the movant's files.

*Keebler*, 866 F.2d at 1389. And in a case such as this one, where the parties are competitors and the information sought is proprietary, allowing discovery may not yield any basis for opposing summary judgment, but may, instead give the party seeking discovery a legally impermissible competitive advantage in the marketplace.

▮ The stay of discovery in effect and the movant's control of the relevant facts would lend credence to defendant's Rule 56(f) request, but for the fact that defendant has failed to demonstrate its need for further discovery. The Rule 56(f) affidavit must do more than conjecture that something useful might be discovered. A party seeking additional discovery must allege specific facts essential to the nonmovant's opposition. *See Paterson–Leitch Co. v. Massachusetts Mun. Wholesale Elec. Co.*, 840 F.2d 985, 988 (1st Cir.1988).

Defendant tries to meet the burden of showing specific facts that it would obtain through discovery by alleging that the plaintiff's materials contain inconsistencies and contradictions. I have examined these so-called inconsistencies and contradictions. Merely because Vivid's Dual Energy article mentions measuring expected scatter does

not create a contradiction or inconsistency that would assist the defendant in opposing summary judgment. Nor do the alleged comments of Vivid employees (contradicted by affidavit) assist the defendant in opposing summary judgment, especially in light of the reasons for my rulings in Part III of this Opinion.

The court instructed defendant that it should tailor its discovery request to fit a legitimate basis for discovery. But the most recent filings indicate the defendant's continued unwillingness to request only that information that is material to defense against plaintiff's claims. For example, in its latest filing AS&E requested "The documents and things identified in Vivid's Initial Disclosure," despite the fact that the issues in the case have been narrowed. AS&E's Rule 56(f) Request (Docket No. 69, at 1).

During a hearing on June 12, 1997, I instructed defendant that seeking additional discovery under Rule 56(f)

> would impose on you very clearly the obligation that I've been speaking about, that it's not enough for you to come in here and tell me you need discovery, you need discovery. You've got to show me some reasoned basis supportable by some kind of evidentiary proffer as to what it is you're seeking to discover and why you have some reasonable likelihood of getting it from the discovery that you propose.

Hearing Transcript of June 12, 1997 (Docket No. 67, at 50). Defendant's motion, supporting memorandum, and affidavit, fail to carry this burden.

■ The defendant states that its "proposed discovery is calculated, among other things, to verify the information contained in the January 6, 1997 affidavit of Jay A. Stein. . . ." Memorandum in Support of AS&E's Rule 56(f) Request (Docket No. 70, at 12). Verifying information in an affidavit is not a legitimate reason for additional discovery. If the Rule 56(f) affiant has no basis for verification in his own testimony or that of others he proffers to the court, his request for discovery to verify his allegations is virtually an admission that his affidavit was not in compliance with Rule 56(f).

In summary, AS&E's filings in support of its Rule 56(f) request fail to identify with any particularity those specific facts that it has some reasonable basis for believing it likely that the protracted, expensive, and probing discovery defendant seeks would produce evidence material to decision of plaintiff's motion for summary judgment. Accordingly, AS&E's request is denied.

### III. Summary Judgment in the Patent Context

■ A claim of patent infringement requires that the court first properly construe the claim to determine its scope and meaning, and then, compare the claim to the accused device or process. See Carroll Touch, Inc. v. Electro Mechanical Sys., 15 F.3d 1573, 1576 (Fed.Cir.1993). Claim construction is a matter for the court and not a jury, even though a decision about whether the accused device infringes may present a question of fact ordinarily to be determined by a jury. See Markman v. Westview Instruments, Inc., 517 U.S. 370, 116 S.Ct. 1384, 1393–96, 134 L.Ed.2d 577 (1996). Once a claim is construed, if a court determines that the evidence proffered by the opponent of summary judgement fails to show any genuine dispute of fact that is material to the patentee's assertion of infringement, summary judgment is appropriate. See Warner–Jenkinson Co., Inc. v. Hilton Davis Chemical Co., 520 U.S. 17, 117 S.Ct. 1040, 1053, 137 L.Ed.2d 146 (1997).

The heart of the parties' dispute regarding infringement centers on claims 5 and 8 of the 283 patent. The disputed claims are recited below:

5. An apparatus for displaying information resulting from the inspection of an object with penetrating radiation, comprising:

> [i] means for illuminating an object with penetrating radiation
>
> [ii] means for receiving radiation which is transmitted through said object
>
> [iii] means for receiving radiation which is backscattered from said object
>
> [iv] means for displaying pixels which correspond to at least a first presettable level of attenuation of the transmitted

radiation in a first predetermined single color, and

[v] means for displaying pixels which correspond to at least a second presettable level of backscattered radiation in a second predetermined single color.

. . . . .

8. A method of displaying information resulting from the inspection of an object with penetrating radiation, comprising steps of,

[i] means for illuminating an object with penetrating radiation

[ii] means for receiving radiation which is transmitted through said object

[iii] means for receiving radiation which is backscattered from said object

[iv] means for displaying pixels which correspond to at least a first presettable level of attenuation of the transmitted radiation in a first predetermined single color, and

[v] means for displaying pixels which correspond to at least a second presettable level of backscattered radiation in a second predetermined single color.

(Docket No. 50, Ex. 1 at 5 ( 283 Patent Claims 5, 8)).

The court issued an interlocutory order on July 10, 1997, construing three disputed phrases:

(1) "correspond to" means that the pixels illuminated on the display screen pictorially represent an object, or parts of the object, that attenuated or scattered a quantity of radiation;

(2) "at least a presettable level" means that the pixels illuminated on a display screen represent an object, or parts of the object, that scatters or attenuates a quantity of radiation, interaction with the object, equal to more than the quantified threshold that can be pre-set by a machine operator before each scanning of the object;

(3) "in a . . . predetermined single color" means illuminating pixels on a display

screen in colors (other than black and white and shades thereof) that correspond to the attenuation and scattering of radiation, above a predetermined level, as it interacts with scanned materials.

(Docket No. 58, at 25).

■■■ Failure to meet literally even one claim limitation defeats a claim of literal infringement. Here, the plaintiff, provides three significant ways in which its device differs from the defendant's claim. Vivid claims that its device does not display pixels that correspond to the attenuation or scattering of radiation above a preset level. Instead, Vivid's device uses measurements from x-rays transmitted at two energies, as well as the area and mass detected, to mathematically compute whether the scanned item is a threat. Stein Aff. ¶¶ 18, 21. Contrary to defendant's assertions, it does not matter whether Vivid's "complex mathematical formula" includes a variable for thresholding. Rather, the Vivid system takes other factors into account when determining whether to highlight an object in color, and thus, it does not literally infringe.

■■■ Vivid also claims that its device does not display objects that correspond to backscattered radiation. Vivid's device uses both backscatter and forwardscatter radiation, as well as transmitted radiation. *Id.* at ¶ 20. The relationship between the scattered and transmitted radiation is compared to a set of expected measurements, and other factors such as the height of the bag, size of the bag, density and mass detected. *Id.* at ¶ 21. Once Vivid's system determines the presence of a threat object, the system displays a green rectangle around the object. *Id.* at ¶ 22. Because backscatter is just one of several variables used, Vivid's device does not infringe this element of defendant's claim.

■■■ Finally, although Jay Stein's affidavit does not directly address this point, Vivid's Memorandum in Support of Its Motion for Summary Judgment states that Vivid's device "does not enable a machine operator

to pre-set threshold radiation levels before the scanning of each object" (Docket No. 63, at 1). Since Vivid's system does not use thresholding as the sole determination of whether an object should be highlighted, the system does not require that an operator manually set a level at which to threshold. Even without this difference, however, Vivid's technology does not literally infringe because it takes variables other than thresholding into account.

For the reasons stated immediately above, I conclude that plaintiff has carried its burden of showing that, as a matter of law, plaintiff does not infringe the 283 patent. Thus, summary judgment on plaintiff's claim for a declaratory judgment that it does not literally infringe defendant's 283 patent must be allowed.

Plaintiff requested either such a declaration as I have concluded must be allowed or a declaration of invalidity of the 283' patent. Having concluded that plaintiff is entitled to the former ruling, I conclude that it is inappropriate for this court to consider the alternative request for a declaration of invalidity. That portion of plaintiff's complaint will instead be dismissed without prejudice.

### Order

For the foregoing reasons, it is ORDERED:

(1) Defendant's Requests Pursuant to Rule 56(f) for: (a) Denial or Stay of Vivid's Motion for Summary Judgment Pending Completion of Discovery; and (b) Extension of Time to File Counter–Statement Under Local Rule 56.1 (Docket No. 69) are DENIED;

(2) Plaintiff's Motion for Summary Judgment (Docket No. 62) is ALLOWED as to plaintiff's request for a declaration of non-infringement of the 283 patent. The alternative prayer of the complaint for a declaration of patent invalidity is DISMISSED without prejudice;

(3) Plaintiff's Motion for Partial Summary Judgment on Claim Construction and for a Procedural Order (Docket No. 48) is DISMISSED as moot;

(4) Plaintiff's Motion for a Protective Order (Docket No. 60) is DISMISSED as moot;

(5) The Clerk is directed to enter forthwith on a separate document a Final Judgment as follows:

For the reasons stated in the Memorandum and Interlocutory Order of July 10, 1997, and the Opinion of January 28, 1998, it is ORDERED:

(1) The Court hereby DECREES AND DECLARES that plaintiff's x-ray device does not literally infringe on the 283 Patent;

(2) The alternative prayer of plaintiff's complaint for a declaration of invalidity of the 283 patent is dismissed without prejudice;

(3) Costs are awarded to plaintiff.

### Final Judgment

For the reasons stated in the Memorandum and Interlocutory Order of July 10, 1997, and the Opinion of January 28, 1998, it is ORDERED:

(1) The Court hereby DECREES AND DECLARES that plaintiff's x-ray device does not literally infringe on the 283 Patent;

(2) The alternative prayer of plaintiff's complaint for a declaration of invalidity of the 283 patent is dismissed without prejudice;

(3) Costs are awarded to plaintiff.