**Patrick Y. FU, Plaintiff–Appellant,**

v.

**Sheila E. WIDNALL, Secretary of the Air Force, Defendant–Appellee.**

**No. 99–55999.**

**D.C. No. ED CV 97–155 RT (VAPx).**

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 6, 2001 *.

Decided March 27, 2001.

* The panel unanimously finds this case suitable for decision without oral argument.   Fed. R.App. P. 34(a)(2).

Before ARCHER **, TROTT, and SILVERMAN, Circuit Judges.

MEMORANDUM ***

Patrick Y. Fu ("Fu") appeals the summary judgment of the District Court of the Central District of California in favor of the Secretary of the Air Force in Fu's action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–1 *et seq.* This court has jurisdiction under 28 U.S.C. § 1291. We affirm.

** The Honorable Glenn L. Archer, Jr., Senior Circuit Judge of the United States Court of Appeals for the Federal Circuit, sitting by designation.

## DISCUSSION

### I. Standard of Review

■ The district court's denial of Fu's motion to delay judgment pursuant to Rule 56(f) Federal Rules of Civil Procedure is reviewed under a standard of abuse of discretion. *Stitt v. Williams,* 919 F.2d 516, 521 (9th Cir.1990).

■ We review de novo the district court's summary judgment. *Rano v.. Sipa Press, Inc.,* 987 F.2d 580, 584 (9th Cir. 1993). In doing so, we view the evidence in the light most favorable to the nonmoving party and determine whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. *Id.*

### II. Fu's Rule 56(f) Motion

■ The district court found that Fu was dilatory in his pursuit of the allegedly needed discovery and, therefore, rejected Fu's Rule 56(f) motion. *See* Fed.R.Civ.P. 56(f); *Keebler Co. v. Murray Baking Co.,* 866 F.2d 1386, 1388 & n. 5 (Fed.Cir.1989); *Qualls v. Blue Cross of California,* 22 F.3d 839, 844 (9th Cir.1994). Fu's arguments on appeal contesting the court's determination are unpersuasive. He incorrectly argues that the district court granted summary judgment before considering his Rule 56(f) motion. Fu also points to "meet and confer" rules for discovery disputes and his belatedly filed motion to compel (filed January 29, 1999) as excuses for his failure to complete needed discovery. The record, however, supports the court's conclusion that, despite an extended period of discovery, Fu failed to proceed diligently and failed to contest timely the Secretary's refusal to disclose certain materials, in-

cluding confidential personnel files. He also unnecessarily delayed his motion to compel until after the Secretary had filed her motion for summary judgment. Accordingly, we conclude that the district court did not abuse its discretion in rejecting Fu's Rule 56(f) motion.

## III. Fu's Claim of Racial Discrimination

■ The district court assumed that Fu could establish a prima facie case of racial discrimination but ultimately concluded that the Secretary had articulated a legitimate, non-discriminatory explanation for Fu's nonpromotion. Because Fu did not submit any evidence to support his claim of pretext in a timely manner, the court granted summary judgment in favor of the Secretary. Fu argues that the district court incorrectly entered summary judgment, insisting that there was sufficient evidence in the record to sustain his discrimination claim. Fu's arguments are not persuasive.

Fu contends that the district court improperly credited the Secretary's explanation that Fu was not promoted because his name was not included on the promotion lists, which had been prepared in an objective, inherently nondiscriminatory manner. Fu points out that the generation of the promotion list was based largely on individuals' yearly evaluation scores, and argues that the Air Force discriminated against him by consistently awarding him yearly evaluations of "excellent," while his work merited evaluations of "superior."

The evidence of record, however, supports the district court's conclusion that Fu's nonpromotion was due to the fact that there were other, more qualified candidates. The district court reviewed testimony of individuals responsible for Fu's yearly performance evaluations, and found their explanations convincing. As the court specifically noted, Fu's supervisor stated that he did not recall ever giving an evaluation higher than "excellent." This testimony undercuts Fu's contentions that the evaluations of his performance as "excellent" were low evaluations. Moreover, as Fu himself admits, his supervisors at various times had criticized his work. Fu failed to introduce evidence indicating that this criticism was undeserved.

Fu's remaining arguments must be rejected because they are based on evidence that is not properly part of the record on appeal. *See Kirshner v. Uniden Corp. of Am.*, 842 F.2d 1074, 1077–78 (9th Cir. 1988); Fed. R.App. P. 10. When Fu failed to file a timely opposition to the Secretary's summary judgment motion, the district court properly rejected his belated opposition and the accompanying materials. Fu has not contested this ruling and cannot simply ignore its effect by resubmitting these rejected materials in this appeal.

Fu failed to introduce any evidence refuting the Secretary's legitimate explanation for the nonpromotions, which Fu alleges were discriminatory acts, and, therefore, summary judgment in favor of the Secretary is appropriate. *See Wallis v. J.R. Simplot Co.*, 26 F.3d 885, 890–91 (9th Cir.1994).

## IV. Fu's Claim of Retaliation

■ As with Fu's claim of discrimination, the district court assumed that Fu could articulate a prima facie case of retaliation, and then considered whether the Secretary had established legitimate, non-discriminatory reasons for the acts that Fu contended were retaliatory. Again, the district court concluded that the Secretary had submitted evidence in support of her assertions that Fu was not unfairly evaluated and his work was not unfairly criticized. On appeal, Fu has failed to advance any persuasive argument or point to any

evidence refuting the district court's conclusion. Indeed, the evidence of record, including deposition testimony of Fu and his superiors, supports the Secretary's position that Fu was treated and evaluated fairly.

## CONCLUSION

For the reasons stated above, the summary judgment of the district court is affirmed.

AFFIRMED

---

1. The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

2. This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by 9th Cir. R. 36–3.