CENTRAL MFG., Appellant,

v.

SURGICAL NAVIGATION TECHNOLOGIES, INC., Appellee.

No. 03–1414.

United States Court of Appeals, Federal Circuit.

March 17, 2004.

Before SCHALL, DYK, and PROST, Circuit Judges.

## DECISION

SCHALL, Circuit Judge.

Central Mfg. ("Central") appeals the decision of the United States Patent and Trademark Office, Trademark Trial and Appeal Board ("Board" or "TTAB") that dismissed with prejudice Central's opposi-tion to an intent-to-use ("ITU") trademark application filed by Surgical Navigation Technologies, Inc. ("SNT"). *Cent. Mfg. v. Surgical Navigation Techs., Inc.*, Opp'n No. 117,480 (TTAB Jan. 13, 2003). We *affirm.*

## DISCUSSION

### I.

SNT filed an ITU application for use of the mark "STEALTHVIEW." According to the application, the goods and services associated with STEALTHVIEW comprise a computer system "primarily of hardware and software for using medical scanning information for surgical planning for use in image guided surgery." Application Ser. No. 75/577,215 ("the '215 application"). Central filed a Notice of Opposition to the '215 application based on its ownership of a number of "STEALTH" trademark registrations and applications. In addi-tion, it subsequently served multiple, broad discovery requests on SNT. SNT responded with a combined motion to dis-miss and to stay discovery, which the Board treated as a motion for summary judgment.

In response to SNT's motion to dismiss, Central filed a motion for discovery pursu-ant to Federal Rules of Civil Procedure, Rule 56(f) ("Rule 56(f)"). The Board de-nied the motion as overbroad and sanc-tioned Central under Federal Rules of Civ-il Procedure, Rule 11 for falsely stating that its discovery request was "very tai-lored" to SNT's motion to dismiss. Twice more, Central attempted to conform its discovery requests to Rule 56(f) and the Board's instructions. At the same time, it twice sought leave to amend its Notice of Opposition. In due course, the Board de-nied Central's motions to amend its Notice of Opposition, and denied with prejudice its third motion for discovery under Rule

56(f). The Board then gave Central thirty days to respond to SNT's summary judgment motion, informing Central that "[i]f opposer chooses to file a petition or appeal with the Director, the Board may decide the summary judgment motion while the petition or appeal is pending." *Cent. Mfg. v. Surgical Navigation Techs., Inc.*, Opp'n No. 117,480 (TTAB Nov. 14, 2002). Central petitioned the Director regarding the Board's denial of its second motion to amend the Notice of Opposition. However, it thereafter failed to respond to the summary judgment motion, as directed by the Board. For that reason, on January 13, 2003, the Board ruled that the facts of the case, as alleged by SNT, were deemed conceded. Accordingly, the Board dismissed with prejudice Central's opposition. Central now appeals the Board's decision. We have jurisdiction pursuant to 15 U.S.C. § 1071(a) (2000).

## II.

Central makes two main arguments on appeal. First, it contends that the Board abused its discretion in denying its Rule 56(f) discovery requests. Second, it asserts that the Board abused its discretion in denying its motion to suspend proceedings and that it erred in dismissing its opposition while its petition to the Director was pending.

We review the Board's rulings on discovery issues and procedural matters under the abuse of discretion standard. *Spezzaferro v. FAA*, 807 F.2d 169, 173 (Fed.Cir. 1986). We will not disturb the Board's factual findings unless they are arbitrary, capricious, an abuse of discretion, or unsupported by substantial evidence. *In re Boston Beer Co. L.P.*, 198 F.3d 1370, 1373 (Fed.Cir.1999). Finally, we review the Board's conclusions of law *de novo*. *In re Thrifty Inc.*, 274 F.3d 1349, 1351 (Fed.Cir. 2001).

## A.

■ With respect to the first issue Central raises on appeal, we see no abuse of discretion in the Board's denial of Central's third Rule 56(f) discovery request. Rule 56(f) allows a party to request limited discovery where it is unable to respond to a pending motion for summary judgment because it lacks necessary facts. Each discovery request under Rule 56(f) must be adequately supported by a showing of need by the movant. *Keebler Co. v. Murray Bakery Prods.*, 866 F.2d 1386, 1389 (Fed.Cir.1989).

The Board found that Central's third Rule 56(f) discovery request merely repeated interrogatories, document requests, and requests for admissions from Central's second request, which the Board had already denied. *Cent. Mfg. v. Surgical Navigation Techs., Inc.*, Opp'n No. 117,480 (TTAB Aug. 19, 2002). The Board also found that Central continued to pursue previously rejected arguments and "completely ignored [a previous] Board order, where the Board clearly stated that 'opposer's interrogatory nos. 1–8.1 are improper.'" *Id.* The Board noted that Central "included certain of those interrogatories, verbatim, in its third amended motion for discovery." *Id.* We see no abuse of discretion in the Board's denial of Central's third Rule 56(f) discovery request.

## B.

Turning to Central's second argument on appeal, we see no error in the Board's dismissal of Central's opposition. To successfully oppose SNT's motion for summary judgment, Central needed only to aver, by affidavit, facts sufficient to establish a *prima facie* case with respect to any one of the number of reasons an opposer may use to challenge a trademark applica-

tion. Indeed, the allegations in Central's Notice of Opposition comprised a veritable laundry list of such reasons. Thus Central alleged: likelihood of confusion; fraud; that SNT's typed drawing was not a substantially exact representation; that the description of the goods in SNT's application was indefinite; that STEALTHVIEW is merely descriptive or deceptively misdescriptive; and that SNT has no bona fide intent to use the mark. *Notice of Opp'n*, ¶¶ 10–20. *See generally*, Practitioner's Trademark Manual of Examining Procedure (3rd ed.2002). The fundamental problem with Central's Notice of Opposition, however, is that it is entirely devoid of specific supporting facts.

SNT pointed out in its motion to dismiss that Central "makes no factual allegations in its numbered averments, other than perhaps inferences from its listed registrations, that it sells or has sold any goods which overlap with SNT's application in any way." Additionally, SNT noted that the STEALTH field is crowded and that registrations in the field must therefore be narrowly interpreted. *Jet Tours v. Mark Travel Corp.*, 1999 WL 20927, 1999 TTAB LEXIS 14, *10 (1999); *see Colgate–Palmolive Co. v. Carter–Wallace, Inc.*, 58 C.C.P.A. 735, 432 F.2d 1400 (CCPA 1970). SNT also noted that Central's STEALTH mark is not famous as a matter of law. *See S Indus. v. Diamond Multimedia Sys., Inc.*, 991 F.Supp. 1012, 1021 (N.D.Ill. 1998). SNT argued that, under these circumstances, no claim of likelihood of confusion between Central's STEALTH mark and the challenged STEALTHVIEW mark could be supported. Accordingly, SNT asserted that Central could not be damaged by SNT's registration of STEALTHVIEW and therefore lacked standing to oppose under 15 U.S.C. § 1063(a). *See Ritchie v. Simpson*, 170 F.3d 1092, 1095 (Fed.Cir. 1999) (holding that an opposer must have a reasonable basis for his belief of damage).

■ SNT's allegations and arguments were properly deemed conceded by the Board when Central failed to respond to SNT's motion for summary judgment. *See* 37 C.F.R. § 2.127(a) ("When a party fails to file a brief in response to a motion, the Board may treat the motion as conceded."); *Chesebrough Pond's, Inc. v. Faberge, Inc.*, 618 F.2d 776, 780 (CCPA 1980) (affirming the Board's decision to treat a motion for summary judgment as conceded when the non-moving party failed to file a brief in opposition). Hence, as a matter of law, SNT was entitled to judgment. The Board therefore properly dismissed Central's opposition.

■ Central's contention that the Board abused its discretion when it denied Central's motion to suspend proceedings while its petition to the Director was pending is without merit. The Board explicitly informed Central that, "[i]f opposer chooses to file a petition or appeal with the Director, the Board may decide the summary judgment motion while the petition or appeal is pending." *Cent. Mfg. v. Surgical Navigation Techs., Inc.*, Opp'n No. 117,480 (TTAB Nov. 14, 2002). A decision of the Board controlling its own docket is entitled to substantial deference, and generally will not be overturned. *In re Boston Beer*, 198 F.3d at 1373. We see no reason to disturb the Board's decision on this point.

For the foregoing reasons, the Board's decision dismissing Central's opposition to SNT's ITU application for the mark STEALTHVIEW is affirmed.