In re THRIFTY, INC.

No. 01–1111.

United States Court of Appeals,
Federal Circuit.

Dec. 13, 2001.

Samuel D. Littlepage, Dickinson Wright, PLLC, of Washington, DC, argued for appellant. With him on the brief was Marc A. Bergsman.

Linda Moncys Isacson, Associate Solicitor, Office of the Solicitor, of Arlington, VA, argued for appellee. With her on the brief were John M. Whealan, Solicitor; and Raymond T. Chen, Associate Solicitor. Of counsel was Nancy C. Slutter, Acting Deputy Solicitor.

Before MICHEL, RADER, and LINN, Circuit Judges.

LINN, Circuit Judge.

Thrifty appeals the decision of the Trademark Trial and Appeal Board ("TTAB") sustaining the Examining Attorney's refusal to register the mark proposed in its service mark application. *See In re Thrifty, Inc.*, Ser. No. 75/193,074, 2000 TTAB LEXIS 604 (Aug. 30, 2000). Because substantial evidence supports the TTAB's finding that Thrifty failed to provide an acceptable description of the mark in its application, we affirm.

## BACKGROUND

Thrifty filed an application for service mark on October 31, 1996. The application initially describes the mark as "the color Blue," used in connection with a list of services:

AUTOMOBILE, TRUCK AND RECREATIONAL VEHICLE RENTING AND LEASING; PARKING PLACE SERVICES; AND TRANSPORTATION SERVICES BY LIMOUSINE OR BUS in Int. Cl. 39

The application states that the mark was first used by applicant in connection with the services "at least as early as May 8, 1986," and is used as a service mark "by depicting it in promotional literature and advertisements, as well as on signage, canopy facia, vehicles, and displays closely associated with the services" ("the 'method of use' clause"). The application also includes a drawing and a specimen. The drawing shows a building, most likely depicting a Thrifty 'vehicle rental center,' in dotted lines having an upper wall that is lined for color. The specimen appears to be a Thrifty advertisement featuring several color photos including one showing a Thrifty vehicle rental center with a Thrifty vehicle parked alongside, and other photos showing Thrifty signs, rental cars, and a driver wearing a blue Thrifty uniform.

In a first Office Action, the Examining Attorney refused to register the proposed

mark and further required that Thrifty submit a concise description of the mark pursuant to 37 C.F.R. § 2.35. Thrifty responded by submitting an amendment dated November 19, 1997 including a "Description of the mark" as follows:

> The mark consists of the color blue used in connection with the services set forth in the application. The color blue is used on vehicle rental centers, signs, vehicles, uniforms, and in other advertising and promotional materials to show that the color blue identifies and distinguishes applicant's services.

Thrifty's Nov. 19 response also included argument further describing its proposed mark:

> Applicant's mark comprises the color blue as it is used by applicant in connection with the services identified in the application. Applicant's mark is not limited to the color blue as used on its vehicle rental centers. The building is a "carrier" of the mark, as are Applicant's blue shuttle buses, blue uniforms, blue signs, and other advertising and promotional materials featuring the color blue.

In a second Office Action, the PTO refused to accept Thrifty's "Description of the mark" because the description did not agree with the mark shown in the drawing and because it described more than one mark. Thrifty filed an amendment modifying its description to recite "the solid color blue (Pantone Matching System 300)," but the Examining Attorney refused registration in a final Office Action, on the basis that Thrifty had failed to provide an acceptable description of the mark.

The TTAB affirmed the Examining Attorney's refusal to register. *Thrifty*, 2000 TTAB LEXIS 604, at *15–16. In support of its decision, the TTAB stated "there is no question that the mark for which application was made is the mark shown in the drawing-the color blue placed on the wall of a building-and not the color blue in general." *Id.* at *8. Having found that the applied-for mark was the mark shown in the drawing, the TTAB found that Thrifty's Nov. 19 amendment was an impermissible material alteration of the mark and affirmed the Examining Attorney's refusal to register. *Id.* at *15–16.

This appeal followed. We have jurisdiction over Thrifty's appeal pursuant to 28 U.S.C. § 1295(a)(4)(B) (1994).

## DISCUSSION

### A. Standard of Review

 We review the TTAB's conclusions of law de novo and affirm its findings of fact if they are supported by substantial evidence. *On–Line Careline, Inc. v. Am. Online, Inc.*, 229 F.3d 1080, 1085, 56 USPQ2d 1471, 1475 (Fed.Cir.2000). A review for substantial evidence "involves examination of the record as a whole, taking into account evidence that both justifies and detracts from an agency's decision." *In re Gartside*, 203 F.3d 1305, 1312, 53 USPQ2d 1769, 1773 (Fed.Cir.2000) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487–88, 71 S.Ct. 456, 95 L.Ed. 456 (1951)). Moreover, "the possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's finding from being supported by substantial evidence." *Id.* (quoting *Consolo v. Fed. Mar. Comm'n*, 383 U.S. 607, 620, 86 S.Ct. 1018, 16 L.Ed.2d 131 (1966)).

### B. Analysis

 Thrifty contends on appeal that its original application was directed to the

color blue in general, not limited to placement on a building, and that its Nov. 19 amendment did not constitute an impermissible material alteration of the mark. Thrifty claims that the drawing submitted with the original application shows the building in dotted lines, demonstrating that the building was not claimed as part of the mark. Thrifty argues that the specimens submitted show the mark used in connection with "carriers" other than a building, including shuttle buses, uniforms, and cars. Thrifty argues that the 'method of use' clause in its original application identifies the mark as the color blue used in a variety of physical formats.

The TTAB opinion notes that Thrifty previously applied to register the color blue, without submission of a drawing. *Thrifty*, 2000 TTAB LEXIS 604, at *9. The PTO refused to accord a filing date to that previous application because no drawing was included. *Id.* The TTAB correctly notes that if Thrifty wished to contest the drawing requirement, it could have petitioned the Commissioner, but instead chose to file the present application including a drawing of a building. *Id.*

The TTAB relies on Trademark Rule 2.52(a) to support its finding that the original application was directed to the color blue placed on the wall of a building. *Id.* at *8. Trademark Rule 2.52(a) states, "[a] drawing depicts the mark sought to be registered." 37 C.F.R. § 2.52(a) (2001). The TTAB found no inconsistency in Thrifty's application that would suggest application of *In re ECCS, Inc.*, 94 F.3d 1578, 39 USPQ2d 2001 (Fed.Cir.1996). In that case, this court held that where the specimen displays one mark, and the drawing shows a different mark, the specimen should be examined to determine what an applicant wishes to register. *Id.* at 1581,

94 F.3d 1578, 39 USPQ2d at 2004. In so holding, the opinion in *ECCS* expressly distinguished the case where there is no inconsistency between the specimens and drawing as originally filed. *Id.* at 1582, 94 F.3d 1578, 39 USPQ2d at 2005.

This case does not involve an inconsistency between the drawing and the specimens submitted with the original application, and thus the holding of *ECCS* is inapplicable. In light of section 2.52(a), the TTAB correctly considered the content of the drawing submitted with the original application, which shows a building. Thus, substantial evidence appears in the record for the TTAB's finding that the mark for which application was made by Thrifty is the color blue placed on the wall of a building.

■■■ Having determined that the TTAB did not err in finding that the original application was directed to the color blue applied to a building, we next consider whether the TTAB erred in finding that Thrifty's amendments materially altered that original application. Whether a proposed amendment constitutes a material alteration of the mark is a question of fact. *See In re Hacot–Colombier*, 105 F.3d 616, 618, 41 USPQ2d 1523, 1525 (Fed.Cir.1997). We sustain the TTAB's factual findings unless they are unsupported by substantial evidence. *Recot, Inc. v. Becton*, 214 F.3d 1322, 1327, 54 USPQ2d 1894, 1897 (Fed. Cir.2000). The general test of whether an alteration is material is whether the mark would have to be republished after the alteration in order to fairly present the mark for purposes of opposition; if republication is required, this indicates a material alteration. *Hacot*, 105 F.3d at 620, 41 USPQ2d at 1526 (quoting *Visa Int'l Serv. Ass'n v. Life Code Sys., Inc.*, 220 USPQ 740, 743–44 (TTAB 1983)). To avoid mate-

rial alteration, "the new form must create the impression of being essentially the same mark." *Id.*, 105 F.3d 616, 41 USPQ2d at 1526.

Thrifty argues that the TTAB relied on the erroneous premise that "the commercial impression of a color changes depending on the object on which it is applied." *Thrifty*, 2000 TTAB LEXIS 604, at *13. Thrifty argues that a mark consisting of a color is analogous to a word mark, in that the commercial impression does not change even though the medium may change. Thrifty argues that the PTO has applied a special rule to exclude registration of color marks in violation of 15 U.S.C. § 1052 ("No trademark ... shall be refused registration on the principal register on account of its nature"), 15 U.S.C. § 1053 (service marks are "registrable, in the same manner ... as are trademarks"), and the principles underlying the Supreme Court's decision in *Qualitex Co. v. Jacobson Products Co., Inc.*, 514 U.S. 159, 115 S.Ct. 1300, 131 L.Ed.2d 248 (1995).

 As the TTAB explained in its opinion, a mark consisting of a color differs from a word mark in several ways relevant to the current inquiry. First, a color mark is registrable only with a showing of acquired distinctiveness, unlike a word mark which may be inherently distinctive. *See Qualitex*, 514 U.S. at 163, 115 S.Ct. 1300; *Thrifty*, 2000 TTAB LEXIS 604, at *12. Second, evidence submitted to demonstrate acquired distinctiveness of a color may show consumer recognition with respect to certain objects (e.g., blue vehicle rental centers), but not for other objects (e.g., blue rental cars). *Thrifty*, 2000 TTAB LEXIS 604, at *15. Third, a word mark retains its same appearance when used on different objects, but color is not immediately distinguishable as a service

mark when used in similar circumstances. *Id.* at *12–13.

Even if we accept Thrifty's argument that a mark consisting of a color is analogous to a word mark, the application in this case failed to apprise the PTO of Thrifty's intention to register a mark consisting of a color. Thrifty's original application showed a proposed mark expressed as the color blue placed on a building, which is less akin to a word mark and more akin to a particular application of a word mark, such as a word expressed in a particular font. Counsel for the PTO noted at oral argument that the drawing convention for a service mark consisting of a color is to show a generic shape (e.g., a square) of a solid color having a dotted peripheral outline. When Thrifty submitted its original application including a drawing showing the color blue applied to a particular object, Thrifty indicated that its proposed service mark had a narrower scope than if it had followed this convention.

In contrast to the original application, Thrifty's proposed amendment describes the mark as including the color blue applied to a wide variety of objects (e.g., buildings, vehicles, uniforms, signs, keychains, pencils and pens, brochures, and playing cards). The multiple impressions created by the wide variety of objects sought to be covered under the proposed description differ significantly from the original mark of a color placed on a building.

The multiple forms described in Thrifty's Nov. 19 amendment do not create the impression of being essentially the same mark as the color blue applied to a building as described in the original application. This is true not because the PTO erroneously refused to permit color to be

registered as a service mark, but because Thrifty's original application had a dramatically narrower scope than Thrifty intended. Thrifty may not now remedy its mistake by proposing a description that materially alters the mark. We conclude the TTAB did not err in finding that the proposed description clearly represents a material alteration of the mark.

### CONCLUSION

Because substantial evidence appears in the record supporting the TTAB's finding that Thrifty's proposed amendment would materially alter the mark, the judgment of the TTAB is affirmed.

*AFFIRMED*

### COSTS

No costs.