**PURE GOLD, INC., Appellant,**

v.

**SYNTEX (U.S.A.), INC., Appellee.**

**Appeal No. 84–729.**

United States Court of Appeals, Federal Circuit.

July 17, 1984.

James E. Brunton, Glendale, Cal., argued for appellant. With him on the brief was John F. Smith, Washington, D.C.

G. Cabell Busick, Washington, D.C., argued for appellee. With him on the brief was Paul K. Kilmer, Washington, D.C.

Before KASHIWA, MILLER and NIES, Circuit Judges.

NIES, Circuit Judge.

This appeal is from the grant of summary judgment by the Trademark Trial and Appeal Board of the U.S. Patent and Trademark Office dismissing Opposition No. 67,-633 to registration of the mark FERMO-DYL PURE GOLD (GOLD disclaimed) for hair treatment preparations, as shown in Application Serial No. 296,488, of Syntex (U.S.A.), Inc., based on likelihood of confusion with the mark PURE GOLD for fresh citrus fruits and juices, a mark long used and registered by Pure Gold, Inc., (PGI). We affirm.

*Background*

The decision of the Board setting forth more particularly the details of the notice of opposition and of the ensuing proceedings is reported at 221 USPQ 151 (TTAB 1983). Only the board's rulings on PGI's claims under 15 U.S.C. § 1052(a) and § 1052(d) (§§ 2(a) and 2(d) of Lanham Act) are challenged in the appeal.

In response to PGI's notice of opposition, Syntex filed a motion for summary judgment asserting that there was no genuine issue of any material fact relating to PGI's claim of likelihood of confusion under 15 U.S.C. § 1052(d)[1], that it was entitled to judgment as a matter of law because the mark FERMODYL PURE GOLD is sufficiently different from PGI's PURE GOLD mark to avoid likelihood of confusion, and that, even if the marks were identical, there would be no likelihood of confusion in view of the vast differences in the respective goods. In support of the motion, Syntex presented copies of eleven third party registrations consisting of the word mark PURE GOLD for various food products and other goods.

In reply, PGI proffered no affidavits to support its complaint, merely asserting that the pleadings and the motion itself raised genuine issues of material fact, and that it was entitled to discovery in order to develop relevant evidence.

In granting the motion, the board stated that Syntex was entitled to judgment as a matter of law for the reason:

Specifically, it is clear that the goods to which the parties apply their marks are so different in nature that confusion is unlikely to result from the contemporaneous use of the marks in connection with such goods.

On appeal PGI does not assert error in the conclusion of no likelihood of confusion on the record before the board. Rather, the sole issue is whether genuine issues of material fact remain in the case which preclude the grant of summary judgment.

---

1. 15 U.S.C. § 1052 provides in pertinent part:

No trade-mark by which the goods of the applicant may be distinguished from the goods of others shall be refused registration on the principal register on account of its nature unless it—

\* \* \* \* \* \*

(d) Consists of or comprises a mark which so resembles a mark registered in the Patent and Trademark Office or a mark or trade name previously used in the United States by another and not abandoned, as to be likely, when applied to the goods of the applicant, to cause confusion, or to cause mistake, or to deceive . . . .

## Analysis

Federal Rule of Civil Procedure 56 relating to summary judgment, made applicable to proceedings before the board by the Trademark Rules of Practice, 37 C.F.R. § 2.116(a), provides in pertinent part:

> (b) A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
>
> (c) ... The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law....
>
> \*   \*   \*   \*   \*   \*
>
> (e) ... When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations ... of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him.

As stated in *Exxon Corp. v. National Foodline Corp.*, 579 F.2d 1244, 1246, 198 USPQ 407, 408 (CCPA 1978):

> The basic purpose of summary judgment procedure is one of judicial economy—to save the time and expense of a full trial when it is unnecessary because the essential facts necessary to decision of the issue can be adequately developed by less costly procedures, as contemplated by the FRCP rules here involved, with a net benefit to society. We recognize that summary judgment is to be granted cautiously in order to preserve substantive rights; nonetheless, it is entirely proper where, after following the FRCP procedures, no genuine issue of material fact remains. As we said in *U.S. Steel Corp.*

*v. Vasco Metals Corp.*, 394 F.2d 1009, 55 CCPA 1141, 157 USPQ 627 (1968), citing 6 J. Moore's Federal Practice § 56.15[3] (2nd Ed.1966), "It is well settled that the function of summary judgment is to avoid a useless trial." "Useless" in the context of this case means that more evidence than is already available in connection with this motion could not be reasonably expected to change the result herein.

PGI argues that summary judgment is generally inappropriate in trademark cases, and that in this case the precipitous action of the board unfairly deprived PGI of the opportunity to establish its claim of likelihood of confusion between PURE GOLD for fresh citrus products and FERMODYL PURE GOLD for hair treatment preparations—namely, shampoos, rinses and conditioners. More particularly, PGI asserts that it is entitled to a trial to prove that PURE GOLD has become a strong mark as a result of long use and that hair treatment products and fresh fruit and juices are both sold in supermarkets. Further, PGI argues that, through discovery, it might find that Syntex uses or intends to use citrus oils or juices in its hair treatment preparations and pictures of fruits in its advertising and, conceivably, PGI might learn of instances of actual confusion. These arguments were rejected by the board on the ground that the evidence that might be adduced through trial would not persuade the board to reach a different result. Resolving all factual matters in PGI's favor for purposes of the motion, the board remained of the opinion that the differences in the nature of the goods of the parties precludes a likelihood of confusion.

We agree with the board that the additional evidence PGI suggests it might be able to obtain would not change the legal conclusion of no likelihood of confusion. However, PGI's position is more basically flawed in the overall inadequacy of its response to the motion. No issue has been shown to be genuine as to any material fact. In countering a motion for summary judgment, more is required than mere

assertions of counsel. The non-movant may not rest on its conclusory pleadings but, under Rule 56, must set out, usually in an affidavit by one with knowledge of specific facts, what specific evidence could be offered at trial. *Barmag Barmer Maschinenfabrik AG v. Murata Machinery, Ltd.*, 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed. Cir.1984). A non-movant runs the risk of a grant of summary judgment by failing to disclose the evidentiary basis for its claim. 6 *Moore's Federal Practice* § 56.15[3], at 56–483 (2d ed. 1983).

■ With respect to PGI's rights in its own mark PURE GOLD, PGI does not assert that the board failed to give PGI every benefit of its registrations, which were of record, in deciding the motion. However, PGI's argument that its mark is well known, indeed, famous, and, therefore, entitled to a broad scope of protection, presumably broader than indicated by its registrations, is no more than argument. Mere conclusory assertions do not raise a *genuine* issue of fact. In the absence of proferred evidence, PGI has laid no foundation to assert that the "fame" of its mark is a disputed issue.

■ With respect to the alleged "dispute" over trade channels, PGI is correct that Syntex's brief to the board argued, we might say inadvisably, a factual matter, that is, that the goods of the parties did not move through the same channels of trade (an argument not made on appeal). This was, however, simply an unsupported argument and could have been wholly disregarded. In any event, the board found the matter of channels of trade to be immaterial on the basis that:

> Even if the Board were to resolve [this issue] in favor of opposer, the Board would still find that there would be no likelihood of confusion, given the difference in the goods involved here.

The board properly was not deterred from granting summary judgment by the parties' dispute concerning a fact, which, however resolved, would not affect its decision on the legal issue. Thus, PGI does not need discovery or a trial on this issue.

■ Nor do we see that there is a *genuine* factual issue with respect to citrus being in Syntex products or featured in its advertising. PGI did not proffer, for example, evidence that the opposition was prompted because of such facts. Indeed, the only evidence of record, Syntex's label, shows no citrus in the formulation. PGI then goes on to argue that, because the description of Syntex's goods is broad, Syntex's hair care preparations could, in the future, include one with citrus, for example, lemon, as an ingredient if none is now in the products. The board discounted the materiality of this issue and we agree. Simply having lemon as an ingredient would not establish the type of relationship between products which is likely to lead to confusion of source in the marketplace. See B. Vanderburgh, *Trademark Law and Procedure* § 5.41, at 202–03 (2nd ed. 1968).

■ Finally, PGI argues that it is entitled to discovery to learn if Syntex intends to change its formula and/or advertising or if Syntex knows of instances of actual confusion. We do not agree. Summary judgment need not be denied merely to satisfy a litigant's speculative hope of finding some evidence that might tend to support a complaint. *First National Bank of Arizona v. Cities Service Co.*, 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). Further litigation in this case not only would put the parties to unnecessary expense but also, equally importantly, would be wasteful of judicial resources.[2]

Giving PGI the benefit of all doubt, on the record of this case, we conclude that

---

**2.** The practice of the U.S. Claims Court and of the former U.S. Court of Claims in routinely disposing of numerous cases on the basis of cross-motions for summary judgment has much to commend it. The adoption of similar practice is to be encouraged in inter partes cases before the Trademark Trial and Appeal Board, which seem particularly suitable to this type of disposition. Too often we see voluminous records which would be appropriate to an infringement or unfair competition suit but are wholly unnecessary to resolution of the issue of registrability of a mark.

**628**

Syntex is entitled to judgment on the issue of likelihood of confusion as a matter of law.

With respect to the board's refusal to permit an amendment of PGI's pleadings under § 2(a) to substitute an allegation of likelihood of confusion or its equivalent for the dismissed pleading of deception, we agree that the proposed amendment would serve no useful purpose.

### Conclusion

For the above reasons, the decision of the Trademark Trial and Appeal Board is *affirmed*.

AFFIRMED.