831 F.2d 306
 Unpublished Disposition
NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
STOUFFER CORPORATION, Appellant,
v.
HEALTH VALLEY NATURAL FOODS, INC., Appellee.
 No. 87-1292
 United States Court of Appeals,
Federal Circuit.
 September 30, 1987.
 
 Before BISSELL, Circuit Judge, JACK R. MILLER, Senior Circuit Judge, and ARCHER, Circuit Judge.
 JACK R. MILLER, Senior Circuit Judge.
 
 DECISION
 
 1
 Stouffer Corporation appeals from a decision of the Trademark Trial and Appeal Board (board) dismissing Stouffer's opposition on the ground that its mark 'LEAN CUISINE' is not likely to be confused with applicant Health Valley Natural Foods' mark 'LEAN LIVING'. We affirm.
 
 OPINION
 
 2
 Stouffer contends that in analyzing likelihood of confusion the board improperly dissected its famous mark 'LEAN CUISINE', relying on case law to establish that 'LEAN' is a fairly weak component of the mark as used in connection with low calorie foods. It also argues that the board improperly discounted the testimony of Stouffer's brand manager which established a prima facie case against registration, and that the board erred when it failed to consider marketplace realities such as similarity in packaging and the casual manner in which purchasers of diet foods make their selection(s).
 
 
 3
 However, it is clear from the board's opinion that the discussion regarding the individual elements of the marks was incidental to the board's proper assessment of the overall commercial impressions that they create. See Giant Food, Inc. v. Nation's Foodservice, Inc., 710 F.2d 1565, 1570-71, 218 USPQ 390, 395 (Fed. Cir. 1983). It is equally clear that Stouffer offered little or no evidence of confusion other than the brand manager's opinion that confusion was likely. Given that likelihood of confusion is a question of law, id., and that the Board found the brand manager's opinion on this issue to be 'biased' and of 'little probative value', we are satisfied that Stouffer failed to establish any basis to preclude an award of summary judgment. See Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 222 USPQ 741 (Fed. Cir. 1984).
 
 
 4
 Finally, we are further satisfied that the board correctly held that the record did not warrant using a lower standard of care than that of ordinary consumers and that the board correctly relied on the marks, not the packaging, in deciding the issue of likelihood of confusion.