GDK/Wiggins



FOR PUBLICATION IN FULL

Cancellation No. 16,634

Nature's Way Products, Inc.

v.

Nature's Herbs, Inc.

UNITED STATES DEPARTMENT OF COMMERCE
**Patent and Trademark Office**
ASSISTANT SECRETARY AND COMMISSIONER
OF PATENTS AND TRADEMARKS
Washington, D.C. 20231

**MAILED**

**12 JAN 1989**

**PAT. & T. M. OFFICE**

A petition has been filed to cancel the registration of the mark "NATURE'S MEDICINE" ("MEDICINE" disclaimed) for vitamins and dietary food supplements.[1]

As grounds for cancellation, petitioner asserts that it manufactures and sells vitamins and dietary food supplements; that botanical vitamins and dietary food supplements have long been described and referred to by members of the public as "nature's medicine" or "nature's medicines"; that the registered mark "NATURE'S MEDICINE" consists of a term which is merely descriptive of the goods recited in respondent's registration in that said term is an apt and common term used to describe such goods and that the registration, therefore, should be cancelled.

---

[1] Registration No. 1,316,505 issued January 29, 1985.

Respondent, in its answer to the petition for cancellation, has denied the salient allegations therein.[2]

This case now comes up on petitioner's motion for summary judgment. As grounds for its motion, petitioner asserts that it manufactures and sells vitamins and dietary food supplements, including various herbal or botanical vitamins and dietary food supplements through the mass and health food markets; that the only product sold by respondent under the registered mark sought to be cancelled herein is cayenne and that this product is sold through the mass and health food markets; that respondent refers to the goods sold under the "NATURE'S MEDICINE" mark as "100% pure, wholesome natural herbs for the constitution, nature and use of man"; that the term "nature's medicine" is immediately recognized by the relevant public as a term referring to herbs; that a book entitled "Nature's Medicines" on the subject of herbal medicines has been in print for over twenty years; that people familiar with herbal products regard the term "nature's medicine" as a common and apt description of herbal remedies and of herbal products which are beneficial to health; that the terms "nature's

_____

[2] Respondent has also affirmatively alleged, in effect, the defenses of laches and/or acquiescence by virtue of petitioner's asserted failure to object to respondent's use of the registered mark since 1983, notwithstanding petitioner's knowledge of said use since that time. However, it is well settled that where, as here, a proceeding is based on the claim that the mark is merely descriptive of the goods, the equitable defenses of laches and acquiescence are not applicable. See: Care Corp. v. Nursecare International, Inc. 216 USPQ 993 (TTAB 1982). Accordingly, no consideration will be given to this allegation.

2

medicine", "nature medicine" and "natural medicine" have been used by others to describe herbal remedies and that respondent itself uses the term "nature's medicine" in a descriptive manner.

In support of petitioner's motion, it has submitted the declaration of James Belcher, the operator of a natural food store in Fresno, California. The declarant, who previously was engaged in giving seminars and lectures related to the use of herbs, states that "nature's medicine" has been used for some time to describe natural herbal products. Petitioner has further submitted the declarations of Dorothy Little, a former operator of a natural food store and presently teaching courses dealing with, in part, the use of herbs, and of Ehud Sperling, a publisher of books and literature dealing with holistic and alternative medicine, including publications relating to herbal medicinal products. The Little declarations states in part that when the declarant hears the term "nature's medicine," she immediately thinks of herbs and that, in her experience, the term is an apt description of herbal products which are beneficial to human health. The Sperling declaration states that the declarant is familiar with a book written by Richard Lucas entitled "Nature's Medicines" and that this book, which has been in print for over twenty years, is one of the seminal works on the subject of herbal medicine. Sperling further states that the term "Nature's Medicine" describes herbal medicinal products.

In addition to the foregoing declarations, petitioner has submitted a number of documentary exhibits, supported by a declaration of Berne Broadbent, petitioner's counsel. These

3

exhibits include a number of petitioner's answers to discovery requests indicating the products sold by petitioner and the channels of trade for such products as well as a number of respondent's answers to petitioner's discovery requests. These responses by respondent indicate that the only product sold by respondent under the "NATURE'S MEDICINE" mark has been cayenne and that said product is sold through mass and health food stores. The answers further show that the product was first sold in 1983 and that, since that time, a total of 14 units of the product have been sold with a total dollar sales volume of just over $4.00. In addition, petitioner has made of record certain promotional material submitted by respondent in response to petitioner's discovery requests. This promotional literature includes a sheet captioned "For Your Health... You Deserve the Very Best!". Under the heading "Nature's Medicines" the following text appears:

> "And only Nature's Herbs brings you 'Nature's Medicines'... a line of 100% pure natural remedies for people who prefer no drugs, preservatives, or chemical additives. When you buy Nature's herbs, you are getting 'Nature's Medicines'".

On another page of respondent's literature under the heading "A complete family of Herb Products," the following list appears:

> "The Herb Master's Original Formulas
>
> Capsuled Natural Herbs
>
> Nature's Medicines
>
> Specialty Products
>
> Herbal Ointments
>
> Herbal Extracts, Oils, & Syrups"

4

Other promotional sheets of respondent show a number of products offered for sale under various trademarks. These include energy food capsules under the "ZEST-AID" mark, herbal sedative capsules under the "HERBAL CALM" mark, herbal laxative capsules under the "REGULAX" mark, digestive aid capsules under the "DIGEST-EASE" mark and herbal cough aid capsules under the "BRONC-EASE" mark. All of the foregoing products appear together in the promotional material under the heading "NATURE'S MEDICINES" and are touted as being "100% pure natural source remedies for people who are concerned about their health and well being!"

Petitioner, in addition to the foregoing materials, has also submitted dictionary definitions (Webster's New World Dictionary of the American Language, 1982) of "medicine" which is defined, inter alia, as "any drug or other substance used in treating disease, healing, or relieving pain" and of "nature" which is defined, inter alia, as "natural scenery, including the plants and animals that are part of it." Petitioner has further submitted the title page, and other excerpts of the book "NATURE'S MEDICINES" by Richard Lucas originally published in 1966, a book which is subtitled "the folklore, romance, and value of herbal remedies." Another book, by Jaroslav Kresanek (1985), excerpts of which have been submitted, is entitled "HEALING PLANTS." One section of the book is entitled "The origins of natural medicines"

5

and discusses medicinal plants. Other exhibits submitted by petitioner refer to "Natural medicine" or "Natural therapy".[3]

Respondent, in opposition to the motion for summary judgment, contends that there are many factual issues in dispute which preclude summary disposition of this proceeding. Specifically, respondent argues that it has raised, in its answer to the petition, the issue of petitioner's standing to bring this action. Respondent further maintains that the Office has allowed numerous registrations to third parties consisting of the term "NATURE'S" and another term; that this practice shows that the Office has long since determined that "NATURE'S" is not a descriptive term and is registrable in combination with other words and that if it is to be determined that applicant's mark is merely descriptive, this should be done only after the parties have had an opportunity to take testimony and present evidence and should not be done based on petitioner's unsupported assertions and on a few declarations by declarants who have not been subjected to cross examination by respondent. Respondent also asserts that petitioner itself has filed several applications for registration

_____

[3] Petitioner has also submitted, in connection with its motion, a number of excerpts from foreign publications showing additional uses of the term "natural medicines," "natural medicine", "nature medicines" and "nature medicine." However, since we cannot assume that any of these publications have received any circulation in the United States, we cannot infer that these foreign uses have had any material impact on the perceptions of the relevant public in the United States. See: In re Men's International Professional Tennis Council, 1 USPQ2d 1917 (TTAB 1986) and cases cited therein. Accordingly, exhibits P, R, S, T, U, V, W and X, submitted in connection with the Broadbent declaration, have been given no consideration.

for marks similar to the one sought to be cancelled herein and that petitioner's real reason for bringing this petition for cancellation is to attempt to remove respondent's registration as an impediment to petitioner's desire to obtain registrations for itself.

Respondent has submitted, with its brief in opposition to the motion for summary judgment, an affidavit of Stephen Welling, its president. This affidavit refers to a number of marks which assertedly have been registered in the Patent and Trademark Office and which include the term "NATURE'S" as a component thereof. The affidavit further indicates that respondent is aware of four applications recently filed by petitioner which include the term "NATURE'S" and also states that respondent intends to take testimony refuting petitioner's arguments and further intends to depose those persons who supplied declarations to petitioner. Attached to the affidavit is a two-page document purporting to be a list of trademark registrations which include the term "NATURE'S."

The purpose of summary judgment is one of judicial economy, that is, to save the time and expense of a useless trial where no genuine issue of material fact remains and more evidence than is already available in connection with the summary judgment motion could not be reasonably expected to change the result. See: Pure Gold, Inc. v. Syntex (U.S.A.), Inc., 739 F.2d 624, 222 USPQ 741 (Fed. Cir. 1984), citing Exxon Corp. v. National Foodline Corp., 579 F.2d 1244, 1246, 198 USPQ 407, 408 (CCPA 1978). Moreover, where the moving party presents evidence which

7

demonstrates the absence of material factual issues in dispute, more is required in countering a motion than mere assertions of counsel. The non-moving party may not rest on its conclusory pleadings but, under Rule 56 FRCP, must set out, usually in an affidavit (or declaration) by one with knowledge of the facts, what specific evidence could be offered at trial. See: Sweats Fashions, Inc. v. Pannill Knitting Company, Inc., 833 F.2d 1560, 4 USPQ2d 1793 (Fed. Cir. 1987), citing Barmag Barmer Machinefabrik AG v. Murata Machinery, Ltd., 731 F.2d 831, 836, 221 USPQ 561, 564 (Fed. Cir. 1984).

In the present case, petitioner has demonstrated its standing by showing that it manufactures and sells products similar to those recited in respondent's registration and that, being a competitor of respondent, it is in a position to use the designation sought to be cancelled in a descriptive manner.

With respect to the term "NATURE'S MEDICINE," petitioner has shown that respondent itself uses the term in a descriptive manner to refer to a category of products comprising natural herbal remedies. This is evidenced by respondent's promotional literature discussed above. Respondent clearly uses the term in its literature in its ordinary sense, that is, as a natural type medicine to cure, heal or relieve various problems.

In addition to respondent's own descriptive use of the term, petitioner has submitted evidence showing use of "nature's medicines" as the title of a book on herbal remedies as well as use of variations of the term such as "natural medicines" to refer to herbal remedies. Finally, petitioner has submitted several

8

declarations from people knowledgeable in the herbal remedy field as to their perception of "nature's medicine" as referring to herbal remedies.

In the face of the foregoing evidentiary showing, respondent has failed to counter said showing with anything to show that factual issues are in dispute which warrant proceeding to trial. Respondent's bald assertion that petitioner lacks standing to bring this petition is totally unsupported and cannot serve to rebut petitioner's evidentiary showing that it indeed has standing to maintain this action. Respondent's assertions in its supporting affidavit that petitioner is motivated to bring this action in order to facilitate registration of petitioner's marks is, even if true, totally irrelevant to the issue presented in this cancellation proceeding. While respondent attempts to demonstrate that the Office treats marks with the prefix "NATURAL" as merely descriptive but allows marks with the prefix "NATURE'S," respondent has not submitted copies of the listed registrations and said registrations are not considered to be of record. See: In re Duofold, Inc., 184 USPQ 638 (TTAB 1974). More importantly, the Board knows of no "per se" rule that marks beginning with "NATURAL" are always denied registration as being merely descriptive while marks beginning with "NATURE'S" are always considered not to be merely descriptive. Such an arbitrary, rigid formula is contrary to one of the essential precepts of trademark law that the question of the merely descriptive character of a mark must be determined based on the mark as applied to the goods and services and it is clear that this determination cannot be

9

Canc. No. 16,634

based on a "per se" rule but, rather, must be made on each individual case based on the evidentiary record presented. In this case, on the record presented, we are persuaded that the registered mark is, in fact, a merely descriptive designation and should be cancelled. While respondent argues that it wants to depose petitioner's declarants and wants to take testimony of its own, implying that issues of material fact may be developed, summary judgment need not be denied merely to satisfy a litigant's speculative hope that it might find some evidence tending to support its case. See: Pure Gold, supra. Moreover, we find that to the extent respondent's desire to depose petitioner's declarants is construed as a motion under Rule 56(f), it is not well taken since respondent has failed to show by affidavit that it cannot present facts essential to justify its opposition to the motion.

Under the circumstances, petitioner's motion for summary judgment is granted. The petition for cancellation is granted and Reg. No. 1,316,505 will be cancelled in due course.

R. L. Simms

G. D. Krugman

T. J. Quinn
Members, Trademark
Trial and Appeal Board

cc:
Berne S. Broadbent for
Nature's Way Products, Inc.
American Plaza II, Third Floor
57 West 200 South
Salt Lake City, Utah 84101

K. S. Cornaby for
Nature's Herbs, Inc.
1500 First Interstate Plaza
170 South Main Street
Salt Lake City, Utah 84101