ARMED SERVICES BOARD OF CONTRACT APPEALS

| | | |
|---|---|---|
| Appeal of -- | ) | |
| | ) | |
| Chugach Federal Solutions, Inc. | ) | ASBCA No. 61320 |
| | ) | |
| Under Contract No. N44255-14-D-9000 | ) | |

APPEARANCES FOR THE APPELLANT: Richard B. O'Keeffe, Jr., Esq.
William A. Roberts, III, Esq.
Gary S. Ward, Esq.
Cara L. Lasley, Esq.
Lindy C. Bathurst, Esq.
  Wiley Rein LLP
  Washington, DC

APPEARANCES FOR THE GOVERNMENT: Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
David Marquez, Esq.
Anthony Hicks, Esq.
Robyn Hamady, Esq.
  Trial Attorneys

<u>OPINION BY ADMINISTRATIVE JUDGE D'ALESSANDRIS ON
THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT</u>

Pending before the Board is the motion for summary judgment filed by respondent, the Department of the Navy (Navy or government). This is the Navy's third dispositive motion in this appeal. The Board previously denied the Navy's motion for partial summary judgment seeking to bar, on the basis of judicial estoppel, appellant, Chugach Federal Solutions, Inc. (Chugach or CFSI), from arguing that the Navy's independent government estimate (IGE) constitutes superior knowledge. *Chugach Fed. Sols., Inc.*, ASBCA No. 61320, 19-1 BCA ¶ 37,314 at 181,493-94 (*Chugach II*). That same opinion granted Chugach's cross-motion for summary judgment regarding the Navy's affirmative defenses of estoppel and waiver. *Id.* at 181,495. The Board also denied the Navy's motion to dismiss counts I, III, and IV, and portions of Counts V and VI of Chugach's complaint. *Chugach Fed. Sols., Inc.*, ASBCA No. 61320, 19-1 BCA ¶ 37,380 at 181,718-20 (*Chugach III*). The Board previously granted the Navy's opposed motion to amend its answer to plead the affirmative defenses of estoppel and waiver that were the subject of Chugach's subsequent cross-motion for summary judgment in *Chugach II*. *Chugach Federal Sols., Inc.*, ASBCA No. 61320, 18-1 BCA ¶ 37,111 at 180,620.

The Navy now moves for summary judgment against all of Chugach's claims in a 116 page motion, including 237 "undisputed material facts" (gov't mot. at 2-81). In response, Chugach filed a 272 page opposition, including 231 additional facts (Chugach's Statement of Facts (CSOF)) supporting its opposition (app. opp'n at 15-76). Including the Navy's reply brief, we now have over 400 pages of briefing and over 450 proposed facts – all allegedly undisputed and material. We grant the Navy's motion in part, and enter summary judgment in favor of the Navy on Count V of Chugach's complaint, which asserts a breach of the duty of good faith and fair dealing, but find that material factual disputes prevent the entry of summary judgment on the remainder of Chugach's complaint.

DECISION

Familiarity with the facts in our three previous decision is presumed, and the relevant factual background is not repeated here. The Navy's motion, at its core, is premised upon the theory that Chugach's aggressive bidding and inefficient performance, and not the Navy's actions, were responsible for Chugach's financial losses in performing the contract. The Navy believes this to be a question suitable for resolution by summary judgment, asserting "[a]t this stage of the proceedings, the issue is whether CFSI can meet its burden of proof (there is no cause of action here on which the Navy bears the burden of proof)" (gov't reply at 2). In its motion, the Navy seeks to impose on Chugach an obligation to demonstrate preponderate evidence now, *at the summary judgment stage* (gov't mot. at 82). "CFSI bears the burden of proving each [of the counts in its complaint] by a preponderance of the evidence. Based on the undisputed facts set forth above and the analysis set forth below, CFSI cannot meet that burden." However, as explained in more detail in the standard of review discussion below, the Navy significantly misapprehends the standard of review. To avoid entry of summary judgment, Chugach does not need to establish "by a preponderance of the evidence" its entitlement to recover. Instead, Chugach simply needs to establish the existence of a set of facts that, with all inferences drawn in Chugach's favor, would be sufficient to support judgment in favor of Chugach. In evaluating the Navy's motion, the Board cannot weigh evidence to determine whether Chugach's business decisions (as asserted by the Navy), or the Navy's actions (as asserted by Chugach) were the predominate cause of Chugach's financial losses on the contract. Instead, that is a question that must be decided following an evidentiary hearing.

I.      Standard of Review

We will grant summary judgment only if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). A material fact is one that may affect the outcome of the decision. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248-49 (1986).

The moving party bears the burden of establishing the absence of any genuine issue of material fact, and all significant doubt over factual issues must be resolved in favor of the party opposing summary judgment. *Mingus Constructors*, *Inc. v. United States*, 812 F.2d 1387, 1390-91 (Fed. Cir. 1987). Once the moving party has met its burden of establishing the absence of disputed material facts, then the non-moving party must set forth specific facts, not conclusory statements or bare assertions, to defeat the motion. *Pure Gold*, *Inc. v. Syntex* (*U.S.A.*), *Inc.*, 739 F.2d 624, 626-27 (Fed. Cir. 1984). "A genuine issue of material fact arises when the nonmovant presents sufficient evidence upon which a reasonable fact finder, drawing the requisite inferences and applying the applicable evidentiary standard, could decide the issue in favor of the nonmovant." *C. Sanchez and Son*, *Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993). As set forth in more detail below, the Navy's motion asks us to apply a preponderance of the evidence standard in reviewing Chugach's claims. However, the binding Supreme Court and Court of Appeals for the Federal Circuit precedent cited above clearly requires us to grant all inferences in favor of Chugach and to determine whether Chugach has cited to record evidence that could support judgment in its favor. Additionally, as discussed below, the Navy asks us to weigh the evidence cited by Chugach against the evidence cited by the Navy to determine that the Navy's evidence is preponderate. Again, the binding precedent cited above prohibits the Board from weighing evidence at the summary judgment phase.

## II.     Count I (Negligent Negotiations)

The Navy alleges that Chugach "cannot establish, by a preponderance of the evidence, that it actually would have 'significantly' increased its staffing if NAVFAC had conveyed different information to CFSI during the pre-award discussions" (gov't mot. at 84). However, Chugach does not need to establish preponderate evidence, rather, it must establish the existence of facts sufficient to support entry of judgment in its favor. Chugach has done so, by citing documents, deposition testimony of Navy witnesses, and the expert witness report of Jimmy J. Jackson, dated October 15, 2019 (Jackson Report), in support of its argument that the Navy had concluded that Chugach did not understand the solicitation and would not be able to perform the contract with its proposed staffing levels, but that the Navy continued with the procurement (CSOF ¶¶ 73-76, 86-98, 103-09). Significantly, the Navy does not dispute any of Chugach's proposed facts for the purposes of this motion (gov't reply at 2).

The Navy additionally asks the Board to weigh the evidence in its summary judgment motion. For example, the Navy admits that its source selection team found that Chugach's first proposal revision contained a "significant weakness" and that this was not conveyed to Chugach (gov't reply at 4). However, the Navy argues that the source selection team did not find any significant weakness in Chugach's fifth and final proposal revision and, therefore, it did not award the contract in violation of Federal Acquisition Regulation (FAR) 15.306(d) by failing to note weaknesses (gov't

3

reply at 5). While the Navy considers this to be an "undisputed" conclusion, we find that there is a material factual dispute as to whether the Navy properly informed Chugach of the source selection team's conclusion that there was a significant weakness.

The Navy also seeks to relitigate the Board's prior holdings in *Chugach II* and *Chugach III*. In *Chugach II* we rejected the Navy's affirmative defense of waiver based on Chugach's position asserted in a bid protest action before the Government Accountability Office, and granted summary judgment in favor of Chugach. *Chugach II*, 19-1 BCA ¶ 37,314 at 181,495. The Navy now asserts that Chugach "waived its right to challenge NAVFAC's source selection process by supporting it in a prior legal proceeding" (gov't mot. at 86-87). This is the very same argument we rejected in *Chugach II*. *Chugach II*, 19-1 BCA ¶ 37,314 at 181,493-94. In addition, the Navy seeks to relitigate our holding in *Chugach III* that Chugach had presented a valid claim pursuant to the Contract Disputes Act (CDA) for purportedly negligent negotiations. *Chugach III*, 19-1 BCA ¶ 37,380 at 181,719. The Navy asserts that it is entitled to summary judgment because it is "unaware of any authority supporting the assertion of [a negligent negotiation claim] by a government contractor and, consequentially, the Navy cannot evaluate CFSI's claim against any accepted legal standards" (gov't mot. at 83). The Navy's citation to our holding in *LKJ Crabbe*, *Inc.*, ASBCA No. 60331, 19-1 BCA ¶ 37,250 at 181,309 is similarly unavailing. The Navy cites that appeal for the proposition that an error by the government in evaluating a contractor's proposal cannot give rise to an equitable adjustment in favor of the contractor (gov't. reply at 6). However, as the Navy admits, *LKJ Crabbe* was a FAR Part 14 procurement (*id.*). The Navy does not explain how a case involving a sealed bid, where there are no negotiations between the parties, is relevant to a claim for negligent negotiations. The Navy's motion is denied with regard to Count I of Chugach's complaint.

III.    Count II (Superior Knowledge)

The Navy asserts that it is entitled to entry of summary judgment on Chugach's superior knowledge claim because Chugach "cannot meet its burden of proving entitlement based on superior knowledge" (gov't mot. at 87). Superior knowledge generally applies when:

> (1) a contractor undertakes to perform without vital knowledge of a fact that affects performance costs or duration, (2) the government was aware the contractor had no knowledge of and had no reason to obtain such information, (3) any contract specification supplied misled

4

the contractor or did not put it on notice to inquire, and (4) the government failed to provide the relevant information

*Hercules*, *Inc. v. United States*, 24 F.3d 188, 196 (Fed. Cir. 2004) (quoting *American Ship Bldg. Co. v. United States*, 654 F.2d 75, 79 (Ct. Cl. 1981)). The Navy asserts that Chugach has not identified any specific vital knowledge that it was lacking, and that "it is doubtful that CFSI would be able to demonstrate by a preponderance of the evidence that any such data was vital knowledge" (gov't mot. at 90-91).

The Navy additionally suggests that the Board should weigh the evidence in evaluating its motion (gov't mot. at 89 (citing the expert report of Mr. Jackson and his opinion that the data available to the government employees preparing the independent government estimate was superior and more reliable than the information provided to offerors but then suggesting that Mr. Jackson "does not explain why the data was superior or why it was more reliable" and that the report does not "opine on the 'more precise estimating practices' that could be employed in connection with such data"); gov't mot. at 94 ("Even if, however, the Board credits the testimony of CFSI's corporate representative. . . ); gov't reply at 14 (dismissing the declarations submitted by Chugach, including one declaration by someone that the Navy concedes was involved in the preparation of Chugach's proposal but arguing that the testimony of Navy witnesses is more credible because of their "significant and direct involvement")).

Following an evidentiary hearing, the Board may well conclude that the evidence presented by Chugach is not preponderate. However, at this stage in the litigation, we simply need to determine whether Chugach has submitted evidence that would be sufficient to support the entry of judgment in favor of Chugach. Again, we find that Chugach has cited documents and deposition testimony sufficient to establish a material factual issue regarding vital information not provided to bidders (CSOF ¶¶ 10-17, 38-46). Chugach additionally established that there were material factual issues regarding the Navy's knowledge that Chugach was unaware of the alleged superior knowledge (CSOF ¶¶ 17, 33, 44-45), that Chugach was misled and not put on notice to inquire (CSOF ¶¶ 40-42, 46, 100), Chugach Response to Government Finding of Fact (SGMF) 222), and that the Navy failed to provide the relevant data (SGMF ¶ 222). Accordingly, we deny the Navy's motion for summary judgment on Count II.

IV. Count III (Mutual Mistake)

The Navy alleges that Chugach's mutual mistake claim is "simply not plausible" (gov't mot. at 103) and that the "mutual mistake allegation is thus factually incorrect and, consequently, legally insufficient" (gov't mot. at 105). Once again we

5

note that Chugach is only required to demonstrate a material factual dispute to prevent entry of summary judgment. We find that Chugach has established a material factual dispute by citation to documents and deposition testimony regarding the parties' belief about how the historical data provided in the solicitation related to the requirements in the solicitation (CSOF ¶¶ 39-41; SGMF ¶ 58, 104).

Moreover, the Navy again invites the Board to weigh witness testimony. The Navy concedes that a Navy witness testified that he would "expect the level of effort reflected in the historical data to be what the contractor would experience" but then asks us to weigh the evidence by noting that "[e]ven if" the Board were to credit the testimony, "his subjective expectation was not shared by the other witnesses that testified and was never communicated to the offerors" (gov't reply at 19 n.16). The Navy also, once again, seeks to relitigate its previously rejected argument that Chugach is actually claiming mutual mistake as to a projection of future events (gov't mot. at 105). We rejected this argument in *Chugach III*, 19-1 BCA ¶ 37,380 at 181,719. Accordingly, the Navy's motion for summary judgment is denied with regard to Count III.

V.      Count IV (Constructive Change)

The Navy asserts that there was not a constructive change to the contract because it was Chugach, and not the Navy, that determined the staffing levels on the contract and that the Navy did not direct Chugach's staffing levels (gov't mot. at 112-13). We find that Chugach has demonstrated a material factual dispute with its citation to record evidence that the Navy pushed Chugach to perform more work (CSOF ¶¶ 200-09) and that some Navy employees believed that Chugach was likely entitled to additional compensation for additional work (CSOF ¶¶ 219-25). The Navy's motion for summary judgment with regard to Count IV is denied.

In addition, and not a basis for our decision denying the Navy's motion for summary judgment on Count IV, Chugach asserts that there is a material factual issue regarding the Navy's actions in hindering the evaluation and approval of Chugach's integrated maintenance plan (CSOF ¶¶ 198-99). However, Chugach did not raise this issue in its claim, amended claim, or in its complaint (R4, tabs 238-39; compl.). The Navy asserts that Chugach should be precluded from using these allegations in defending against the summary judgment motion, based upon Federal Rule of Civil Procedure 37(c)(1) (gov't reply br. at 24). Rule 37(c)(1) provides for the preclusion of evidence when a party fails to disclose or supplement information as required by Federal Rule of Civil Procedure 26(a) or (e). FED. R. CIV. P. 37(c)(1). Because we held above that there were material factual issues preventing the entry of summary judgment, without consideration of Chugach's allegations regarding the integrated maintenance plan, we need not reach this issue here; however, the issue is relevant to our evaluation of Count V, below.

6

VI. Count V (Breach of the Duty of Good Faith and Fair Dealing)

The Navy asserts that Count V must be dismissed because Chugach's claim and complaint reference alleged breaches of the duty of good faith and fair dealing that occurred during the negotiation of the contract (gov't mot. at 113-15). As the government notes, it is well established that the duty of good faith and fair dealing applies to government conduct during the performance of the contract, and does not apply to government actions during the formation of the contract. *See*, *e.g.*, *Scott Timber Co. v. United States*, 692 F.3d 1365, 1372 (Fed. Cir. 2012) (holding that the government "could not have breached the covenant of good faith and fair dealing by its pre-award conduct because the covenant did not exist until the contract was signed"); *Tug Hill Constr.*, *Inc.*, ASBCA No. 57825, 14-1 BCA ¶ 35,777 at 175,024, *aff'd*, 622 F. App'x 914 (Fed. Cir. 2015) (nonprecedential). Chugach does not dispute that its claim and complaint relied upon pre-award actions as a basis for its breach of the duty of good faith and fair dealing argument (app. opp'n at 270 ("the claim and complaint relied on the Navy's pre-award conduct as a basis for this argument")). However, Chugach alleges that "facts learned during discovery about the Navy's post-award conduct confirm that the Navy violated its duty" (*id.*). It is well settled law that the Board lacks jurisdiction to entertain a claim unless it was presented to the contracting officer for decision. *See*, *e.g.*, *M. Maropakis Carpentry*, *Inc. v. United States*, 609 F.3d 1323, 1327-28 (Fed. Cir. 2010). Thus, if Chugach's argument regarding the Navy's actions hindering the evaluation and approval of Chugach's integrated maintenance plan is a new claim that was not presented to the contracting officer, it would not demonstrate the existence of a material factual issue and would not prevent the entry of summary judgment in favor of the Navy.

For the Board to possess jurisdiction to entertain Chugach's claim that the Navy hindered the evaluation and approval of Chugach's integrated maintenance plan, it must be the same claim that was presented to the contracting officer. The Board has recognized that suits are the same claim when they are based on substantially the same operative facts. *Macro-Z Technology*, ASBCA No. 60592, 19-1 BCA ¶ 37,358 at 181,659. Moreover, "[t]he test for what constitutes a 'new' claim is whether 'claims are based on a common or related set of operative facts.'" *Unconventional Concepts*, *Inc.*, ASBCA No. 56065 *et al.*, 10-1 BCA ¶ 34,340 at 169,591 (quoting *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990)). "The introduction of additional facts which do not alter the nature of the original claim . . . or the assertion of a new legal theory of recovery, when based upon the same operative facts as included in the original claim, do not constitute new claims." *Trepte Constr. Co. Inc.*, ASBCA No. 38555, 90-1 BCA ¶ 22,595 at 113,385-86. A claim is new when it "'present[s] a materially different factual or legal theory' of relief." *Lee's Ford Dock*, *Inc. v. Sec'y of the Army*, 865 F.3d 1361, 1369 (Fed. Cir. 2017) quoting *K-Con Bldg. Sys.*, *Inc. v. United States*, 778 F.3d 1000, 1006 (Fed. Cir. 2015)). "Materially different

7

claims 'will necessitate a focus on a different or unrelated set of operative facts.'" *Lee's Ford Dock*, 865 F.3d at 1369 (quoting *Placeway Constr.*, 920 F.2d at 907).

Here, Chugach's claim does not assert that the Navy hindered the evaluation and approval of Chugach's integrated maintenance plan and does not allege any post-award actions that would constitute a breach of the duty of good faith and fair dealing. The claim does mention the integrated maintenance plan, but only in the context of the inaccuracy of the independent government estimate (R4, tab 238 at GOV29246, GOV29252, GOV29256, GOV29271). Moreover, the Navy's actions regarding the integrated maintenance plan are central to Chugach's breach of good faith and fair dealing argument. These are not "additional facts" that do not alter the nature of claim. *Trepte Constr.*, 90-1 BCA ¶ 22,595 at 113,385-86. Thus we find that Chugach's allegation that the Navy hindered Chugach's evaluation and approval of its integrated maintenance plan is a new claim that was not presented to the contracting officer and that we lack jurisdiction to entertain. *Lael Al Sahab & Co.*, ASBCA No. 58346, 13 BCA ¶ 35,394 at 173,662 ("An appellant cannot first assert a claim in its complaint."). Accordingly, we grant summary judgment in favor of the Navy with regard to Count V, holding that Chugach's allegations regarding a breach of the duty of good faith and fair dealing during the negotiation of the contract fails to establish the existence of facts sufficient to demonstrate entitlement to relief, while Chugach's allegations regarding the integrated maintenance plan do not assert a claim within the jurisdiction of the Board because they were not presented first to the contracting officer.

VII.    Count VI (Improper Withholding of Payment)

The Navy's entire argument for summary judgment on Count VI is that Chugach's "claim is without merit, [so] there is no basis in this appeal to second-guess NAVFAC's withholding of payment" (gov't mot. at 115). As explained above, we find that there are material factual issues that prevent the entry of summary judgment on Counts I, II, III, and IV of Chugach's complaint. Thus, we find that there is a material factual issue regarding the Navy's withholding of payment to Chugach and deny the Navy's motion with regard to Count VI of Chugach's complaint.

## CONCLUSION

For the reasons stated above, we grant the Navy's motion with regard to Count V of Chugach's complaint, which we dismiss, and deny the Navy's motion for summary judgment with regard to Counts I, II, III, IV, and VI of Chugach's complaint.

Dated: May 27, 2020

DAVID D'ALESSANDRIS
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61320, Appeal of Chugach Federal Solutions, Inc., rendered in conformance with the Board's Charter.

Dated: May 27, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals