ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Anis Avasta Construction Company | ) ASBCA No. 61926 |
| | ) |
| Under Contract No. H92237-11-C-0830 | ) |

APPEARANCE FOR THE APPELLANT:     Mr. Shujah Mowafaq
                                                        President and CEO

APPEARANCES FOR THE GOVERNMENT:   Jeffrey P. Hildebrant, Esq.
                                                        Air Force Deputy Chief Trial Attorney
                                                    Isabelle P. Cutting, Esq.
                                                        Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE WILSON
ON THE GOVERNMENT'S MOTION FOR SUMMARY JUDGMENT

Anis Avasta Construction Company (appellant) brings this appeal alleging the United States Air Force (government) failed to pay appellant for work performed. The government moves for summary judgment, arguing that the claim is barred by the six year statute of limitations set forth in the Contract Dispute Act's (CDA) 41 U.S.C. §§ 7101-7109, and also that the appeal is barred by the doctrine of laches. Appellant counters that there are material facts in dispute that preclude summary judgment. We grant the government's motion.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. On July 27, 2011, the government awarded appellant a contract to construct a 200 meter water well in Ahmed Kheyl, Afghanistan[1] (app. supp. R4, signed contract at 1-3[2]).

2. FAR 52.232-5, PAYMENTS UNDER FIXED PRICE CONSTRUCTION CONTRACTS (SEPT 2002), was incorporated into the contract (app. supp. R4, signed contract at 14). FAR 52.232-5(h) requires that the government shall pay the amount due the

---

[1] Appellant submitted a copy of the signed contract (app. supp. R4, contract document). The government claims to not have any record of the contract (R4, tab 2). As the government is not contesting the existence of the contract in this motion, the Board accepts the existence of the executed contract at issue in this appeal.

[2] Appellant submitted several attachments to the Board with its complaint. Due to appellant's pro se status and the difficulty of internet connectivity and mail coming from Afghanistan, the Board accepted the attachments as appellant's supplemental Rule 4 file. As the attachments do not have a sufficient tabbing or numbering system, reference will be made to the document name and page.

contractor under this contract after completion and acceptance of all work; presentation of a properly executed voucher; and, presentation of release of all claims against the government arising by virtue of the contract.

3. Pursuant to the terms of the contract, on August 1, 2011, appellant signed a notice to proceed and had 30 calendar days to complete the contract work (app. supp. R4, contract document at 3; notice to proceed).

4. On September 12, 2011, appellant contacted the contracting officer (CO) via email, stating that the water well construction was complete (app. supp. R4, email dtd. September 12, 2011). On September 24, 2011, the contracting officer's representative (COR) replied, stating that the government would send the "paperwork to SOTF" (app. supp. R4, email dtd. September 24, 2011).

5. The record contains no evidence of communication between September 24, 2011 and September 5, 2012.[3]

6. On September 5, 2012, email correspondence reflects that appellant reached out to the combined joint special operations task force – Afghanistan (CJSOTF-A) via email, and stated appellant still did not "have the COR and the person to sign and process the invoice" (app. supp. R4, email dtd. September 15, 2012).

7. On September 10, 2012, appellant again reached out to the CJSOTF-A via email, asking "do you have any information of this contract from site" (app. supp. R4, email dtd. September 10, 2012).

8. On September 13, 2012, a government official identified as Mr. Barden, responding from the CJSOFT-A email address, contacted appellant and stated, "I have discussed the issue with the COR and TSgt Ladd in our payment section. You are clear to submit for payment [to the payments email address]." (App. supp. R4, email dtd. September 13, 2012)

9. On September 18, 2012, appellant emailed the CJSOTF-A payments email address, as directed by Mr. Barden in the September 13, 2012 email, regarding the invoice (app. supp. R4, emails dtd. September 13, 2012, September 18, 2012). Later on September 18, 2012, TSgt Ladd responded from the CJSOTF-A payments email address stating that she would

---

[3] The record includes an email seemingly dated February 8, 2012 from the government representative. However, the email address is one clearly used by the personnel in that position and not the individual themselves and the date and context aligns more with the emails dated in 2011 and not 2012. As such, the Board finds that the next communication between the parties after the September 24, 2011 email from the government to appellant to be the September 5, 2012 email from appellant, requesting information on how to receive payment. (App. supp. R4, email dtd. February 8, 2012)

submit the payment and would copy appellant (app. supp. R4, email dtd. September 18, 2012).

10. On October 31, 2012, appellant reached back out to the government at the CJSOFT-A payments email address requesting a status of the payment as he had not yet received a copy (app. supp. R4, email dtd. October 31, 2012). On November 7, 2012, appellant again emailed the CJSOTF-A payments email address, specifically to TSgt Ladd, and stated that per their phone conversation the invoice was attached (app. supp. R4, email dtd. November 7, 2012). The record contains no evidence of the contents of the referenced phone conversation.

11. On November 14, 2012, TSgt Ladd responded that a signed DD250 was necessary to process payment (app. supp. R4, email dtd. November 14, 2012). Later on November 14, 2012, appellant responded and stated that he could not "find the COR to sign the invoice" and to talk to "Mr. Barden he will tell you the status" (app. supp. R4, email dtd. November 14, 2012).

12. The record contains no correspondence between November 14, 2012 and October 29, 2018.

13. On October 29, 2018, appellant filed a claim dated October 28, 2018 in the amount of $72,000 with the current SOJTF-A CO, 1LT Maxwell Marsenison, via email, for payment for the Ahmed Kheyl water well project (R4, tab 14 at 3-4; app. supp. R4, email dtd. October 29, 2018).

14. By email dated October 30, 2018, appellant requested that 1LT Marsenison confirm he had received appellant's claim (app. supp. R4, email dtd. October 30, 2018). An email exchange on October 31, 2018 shows that appellant communicated with the Director of Contracting at SOJTF-A, MAJ Agyemang. MAJ Agyemang requested clarification as to whether appellant was referring to payment for the water well project or a pole barn project, as appellant submitted documentation for the pole barn project at the same time. Appellant stated he was seeking payment for the water well project but submitted the pole barn contracting officer's final decision (COFD) because he had "received the pole barn invoice . . . and attached the COFD" for reference. On November 1, 2018, MAJ Agyemang replied that the government had no record of the water well contract or that it had been performed, which was required for payment. (App. supp. R4, emails dtd. October 31, 2018, November 1, 2018)

15. On November 2, 2018, appellant replied to MAJ Agyemang's email, stating he was forwarding the email traffic from September 5, 2012 indicating that the work was complete, along with the email traffic from November 4 and 14, 2012, regarding appellant's submission of the invoice (app. supp. R4, email dtd. November 2, 2018). Appellant referenced the statement in the November 14, 2012 email from TSgt Ladd indicating that he was "still waiting for the DD250 from the COR" (app. supp. R4, email dtd. November 2, 2018).

3

16. On December 8, 2018, contract specialist Rebecca Raish replied to appellant's email of November 2, 2018 and advised appellant that pursuant to 31 U.S.C. § 3702(b) and 5 C.F.R. § 178.104, appellant could not file a claim against the government after six years had passed (app. supp. R4, email dtd. December 8, 2018).

17. Appellant replied later on December 8, 2018 and stated he submitted a copy of the contract, the notice to proceed, and email traffic, which reflects that the contract was performed and completed. Appellant also asserted that he "continuously asked the issue and followed up with the contracting office until 2013" and never got a result. (App. supp. R4, email dtd. December 8, 2018) The record reflects that prior to October 2018, the last communication between appellant and the government, was on November 14, 2012, with TSgt Ladd, the CJSOFT-A payments contact. In that communication, TSgt Ladd replied that a signed DD250 was required to issue payment for the contract and appellant responded that he was unable to "find the COR to sign the invoice." (App. supp. R4, email dtd. November 14, 2012)

18. Appellant filed a notice of appeal at the Board on January 2, 2019 and on January 3, 2019 it was docketed as ASBCA No. 61926.

19. The government filed a notice of appearance in this appeal on January 7, 2019[4] and on February 7, 2019 the government issued a COFD in this matter and denied appellant's claim, asserting "[t]he government does not have any official evidence to support a completion of such contract and as such makes no admission that an enforceable contract exists" (R4, tab 16 at 2).

20. The current CO at SOJTF-A, MAJ Kwame Agyemang, submitted a signed declaration dated January 28, 2019. MAG Agyemang declared, in pertinent part:

    a. That after extensive search he has found no record of the appellant contractor before January 24, 2017;

    b. That there is no record of the contract work being completed or accepted by that office;

    c. The security situation at the site of alleged contract performance makes it impossible for the government to verify the existence of the water well.

(R4, tab 2)

---

[4] The notice of appearance in the record is dated "7 January 2018", but was received by the Board on January 7, 2019.

<u>DECISION</u>

The government moves for summary judgment, contending that appellant's claim is barred by the statute of limitations established by the CDA, and also that appellant's claim has lain dormant for so long that it is barred by the doctrine of laches (gov't mot. at 2).

A party is entitled to summary judgment if it, as the moving party, has shown that there are no genuine issues of material fact and it is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Mingus Constructors, Inc. v. United States*, 812 F.2d 1387, 1390 (Fed. Cir. 1987). Irrespective of the type of claim being raised, the applicable substantive law identifies which facts are material and might affect the outcome of the appeal, thus precluding the entry of summary judgment. *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 248 (1986). A dispute is genuine only if, on the entirety of the record, a reasonable factfinder could resolve a factual matter in favor of the non-movant. In other words, the burden on the movant is not to produce evidence showing the absence of a genuine issue of material fact, but to point out that there is an absence of evidence to support the nonmoving party's case. *Sweats Fashions, Inc. v. Pannill Knitting Co*., 833 F.2d 1560, 1562-63 (Fed. Cir. 1987).

We view such facts in the light most favorable to the non-moving party, accepting its version of facts as true and drawing all reasonable factual inferences in its favor. *Liberty Lobby*, 477 U.S. at 255; *C. Sanchez and Son, Inc. v. United States*, 6 F.3d 1539, 1541 (Fed. Cir. 1993). However, the non-moving party must set forth specific facts showing the existence of a genuine factual dispute; conclusory statements and bare assertions are not sufficient. *Mingus*, 812 F.2d at 1390-91; *Pure Gold, Inc. v. Syntex (U.S.A.), Inc*., 739 F.2d 624, 626 (Fed. Cir. 1984). Our job is not "'to weigh the evidence and determine the truth of the matter,' but rather to ascertain whether material facts are disputed and whether there exists any genuine issue for trial." *Holmes & Narver Constructors, Inc*., ASBCA Nos. 52429, 52551, 02-1 BCA ¶ 31,849 at 157,393 (quoting *Liberty Lobby*, 477 U.S. at 249).

<u>Statute of Limitations</u>

The government first asserts that appellant's claim is precluded as a matter of law because appellant waited "seven years, one month and 18 days" after the claim accrued in order to enforce its right to payment (gov't mot. at 5). The CDA provides that "[e]ach claim by . . . the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim." 41 U.S.C. § 7103(a)(4)(A). A claim accrues "when all events, that fix the alleged liability of . . . the contractor and permit assertion of the claim, were known or should have been known." FAR 33.201. The events fixing liability "should have been known" when they occurred unless they were either concealed or inherently unknowable at the time. *Alion Science and Tech. Corp*., ASBCA No. 58992, 15-1 BCA ¶ 36,168 at 176,489 (citing *Raytheon Missile Sys*., ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,017). Only facts that could not reasonably

5

be known by the claimant postpone claim accrual. *Id*. (citing *United States v. Commodities Export Co.*, 972 F.2d 1266, 1272 (Fed. Cir. 1992)). Failure to meet a statute of limitations is an affirmative defense, for which appellant bears the burden of proof. *Kellogg Brown & Root Servs., Inc.*, ASBCA No. 58175, 15-1 BCA ¶ 35,988 at 175,823 (citing FED. R. CIV. P. 8(c); *Bridgestone/Firestone Research, Inc. v. Automobile Club de L 'Quest de la France*, 245 F.3d 1359, 1361 (Fed. Cir. 2001)).

For the purposes of this motion, the Board accepts that the contract existed and the work was complete on September 12, 2011, the date appellant contacted the government and stated that the work was finished (SOF ¶ 4). On that date, the facts leading to appellant's claim for payment for work completed were objectively and reasonably knowable by the parties. *Alion Science and Tech. Corp.*, 15-1 BCA ¶ 36,168 at 176,489 (citing *Raytheon*, 13 BCA ¶ 35,241 at 173,017).

Therefore, September 12, 2011 is the date on which the clock starts in order to calculate the statute of limitations. 41 U.S.C. § 7103(a)(4)(A). The record reflects that following appellant's email of September 12, 2011, the government responded on September 24, 2011 and then appellant sent a follow up over a year later, on September 5, 2012 (SOF ¶¶ 5-6). The parties then engaged in a consistent flow of emails between September 2012 and November 2012 (SOF ¶¶ 6-11). On November 14, 2012, the government representative indicated that appellant would need to submit a completed DD250 for payment to be issued (SOF ¶ 11).

Later on that same date, appellant directed the government to speak with "Mr. Barden" and that appellant could not "find the COR to sign the invoice" (SOF ¶ 11). The record contains no additional communication, or paperwork as requested by the government, from appellant on this matter until October 29, 2018, when appellant submitted a certified claim to the government (SOF ¶¶ 12-13). On February 7, 2019, the government denied the claim (SOF ¶ 19).

Based upon the evidence of record, 7 years and 54 days passed from the date the claim accrued to the date appellant filed its claim with the current CO. Appellant first argues that it has only been 5 years, 10 months, and 16 days and as such, the claim is not barred by the CDA statute of limitations (app. resp. at 4). Appellant asserts that November 14, 2012, the date of the last email correspondence with the government payments contact, wherein he was directed to submit the DD250, is the date when the statute of limitations clock starts ticking (SOF ¶¶ 11, 15; *see also* app. resp. at 4).

We established above that the contract was completed on the date appellant emailed the government representative and stated the project was complete, September 12, 2011, and therefore that is the date the claim accrued (SOF ¶ 4; *see also* FAR 33.201). Appellant implies that the date of accrual is the date of the last communication with the government payments representative on November 14, 2012 (SOF ¶¶ 11, 15). However, appellant offers no further explanation as to why accrual should be November 14, 2012 instead of September 5, 2011. The contents of the

6

November 14, 2012 email requests that appellant submit a DD250 to prove completion and acceptance of the government at the contract site (SOF ¶ 11). The undisputed facts are that the contract was complete on September 12, 2011 (SOF ¶ 4). Therefore, appellant's passive assertion that the date of the email requesting the DD250 – November 14, 2012 – is the date of accrual is no more than a bare assertion of a disputed fact. *Mingus*, 812 F.2d at 1390-91; *Pure Gold*, 739 F.2d at 626. As such, there are no material facts in dispute regarding the accrual date of the claim or when appellant submitted said claim to the government.

Appellant also submits that it "regularly followed up" and that the CO already had "confirmed the invoice" (app. resp. at 3 ¶ 11). However, this assertion does not negate that appellant had six years from the date the claim accrued to file the claim with the government for payment. Only facts that could not reasonably be known by the claimant postpone claim accrual. *Alion Science and Tech. Corp.*, 15-1 BCA ¶ 36,168 at 176,489 (citing *United States v. Commodities Export Co.*, 972 F.2d at 1272). Appellant presents no facts or argument that would support the notion that appellant could not have reasonably known that its claim had accrued. While the Board views the facts in the light most favorable to the non-moving party, the non-movant must set forth specific facts showing the existence of a genuine dispute, not a conclusory or bare assertion. *Liberty Lobby*, 477 U.S. at 255; *C. Sanchez and Son*, 6 F.3d at 1541; *Mingus*, 812 F.2d at 1390-91; *Pure Gold*, 739 F.2d at 626.

The parties agree that appellant and the government had a gap in communication between September 2011 and September 2012 and then again from November 2012 to October 2018. The Board does not consider this to be consistent or continuous communication, but most pertinently, appellant's argument is nothing more than a bare assertion that the government failed to respond to appellant's request for payment without providing facts to support that allegation. *Mingus*, 812 F.2d at 1390-91; *Pure Gold,* 739 F.2d at 626.

Finally, appellant also argues that the government had enough documentation to prove the existence of the contract and the completed work, as provided by appellant (app. resp. at 3 ¶¶ 8-12). However, the undisputed facts reflect that the last communication in November 2012 from the government requested a document from appellant, who, in response, told the government to "talk with Mr. Barden" (SOF ¶ 11). Appellant did not present the signed document as requested and did not follow up on this matter again until October 2018 (SOF ¶ 13). Appellant has not provided any additional facts to dispute this or to support its allegations that it was the government's responsibility to still issue payment without submitting the requested documents. This argument is also no more than a bare assertion of a disputed fact and is not sufficient to prohibit summary judgment. *Mingus*, 812 F.2d at 1390-91; *Pure Gold*, 739 F.2d at 626.

As such, on the government's motion that appellant's claim is barred by the statute of limitations, the Board finds that summary judgment is warranted. Because we find

that the government is entitled to summary judgment based upon the CDA's six-year statute of limitations, we do not need to consider the government's laches argument.

CONCLUSION

The government's motion for summary judgment is granted and the appeal is denied.

Dated:  November 18, 2020

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I concur

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

MICHAEL T. PAUL
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 61926, Appeal of Anis Avasta Construction Company, rendered in conformance with the Board's Charter.

Dated:  November 18, 2020

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals